William E. Kennedy California Bar No. 158214
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
Email: wkennedy@kennedyconsumerlaw.com

Noah Zinner California Bar No. 247581
Housing and Economics Rights Advocates
P.O. Box 29435
Oakland, California 94612
(510) 271-8443 phone
(510) 868-4521 fax
nzinner@heraca.org

Attorneys for Plaintiff, Sonya Norton

## UNITED STATES DISTRICT COURT OF CALIFORNIA

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sonya Norton, <br><br> Plaintiff, <br><br> v. <br><br> LVNV Funding, LLC, Law Office of Harris & Zide, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR** <br><br> 1) **Violations of the Fair Debt Collection Practices Act** <br> 2) **Violations of the Rosenthal Act** <br> 3) **Violations of the Unfair Competition Law, Business and Professions Code § 17200, et seq.** |

## INTRODUCTION

1.      This class action complaint is brought to protect the rights of California consumers who have been subject to unlawful collection efforts by a debt collector and a debt collection law firm.  This action challenges judgment enforcement actions.  In 2012 Arrow Financial Services LLC ("Arrow") filed a Notice of Cancellation with the California Secretary of State, which extinguished its right to enforce judgments it held pursuant to California Corporate Code § 17707.8(c), including the judgment it had obtained against plaintiff.  Yet, the collection actions continued, ostensibly conducted by Arrow.  However, although not disclosed

to the courts or to the defendants, these new collection actions were actually undertaken by LVNV Funding, LLC ("LVNV"), which had acquired Arrow's portfolio. LVNV which concealed its identity through incomplete court filings. No attempt was made to comply with California law relating to assignment of judgments, set forth at Code of Civil Procedure § 673. Accordingly, these additional collection actions were without basis and unlawful.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper in the Federal District Court pursuant to 28 U.S.C. § 1331, on the basis that the defendants, by an act or omission violated federal law, specifically the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

3.      Venue is proper in Federal District Court of Northern California pursuant to 28 U.S.C. § 1391, because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff lives in San Mateo County.

## PARTIES

4.      Plaintiff Sonya Norton ("Ms. Norton") is an individual and a resident of San Mateo County in the State of California.

5.      Defendant Law Office of Harris & Zide (hereinafter "Harris & Zide"), is a law firm located in South Pasadena, California.

6.      Harris & Zide's primary business is the collection of consumer debt.

7.      Plaintiff is informed and believes that Harris & Zide has filed more than 500 debt collection lawsuits to collect on consumer debt each year from 2014-2017.

8.      Defendant LVNV Funding LLC (hereinafter "LVNV") is located in Placentia, California.

9.      LVNV's primary business is the collection of consumer debt.

CLASS ACTION COMPLAINT                                                          2

10.    Plaintiff is informed and believes that LVNV has filed more than 500 debt collection lawsuits to collect on consumer debt each year from 2014-2017.

11.    Plaintiff is informed and believes that LVNV normal business practice is to report information concerning holders of consumer debt to credit reporting agencies.

12.    Plaintiff is informed and believes that LVNV has conducted wage garnishments to collect judgments based on consumer debt at least 500 times since 2014.

13.    At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment.  The defendants are jointly and severally liable to plaintiff and the members of the proposed Class and Subclass.

## ALLEGATIONS SPECIFIC TO MS. NORTON

14.    Arrow Financial Services, LLC filed a Complaint against Ms. Norton on October 21, 2008, case number CLJ477648. In the Complaint, Arrow alleged as follows:

Plaintiff's assignor, Plaintiff, or defendant, and each of them entered into a written agreement. By the terms of the said agreement(s), plaintiff or plaintiff's assignor provided defendant(s) with services rendered, and/or goods, wares, and merchandise, and/or an extension of credit, and/or monies laid out or expended at defendant(s)' request.

. . .

By the terms of the said agreement(s), plaintiff or plaintiff's assignor provided defendant(s) with services rendered, and/or goods, wares, and merchandise, and/or an extension of credit, and/or monies laid out or expended at defendant(s)' request and in consideration thereof defendant(s) promised to provide payments in the amount of $3,073.92 and interest thereon which defendant(s) failed to provide.

15.    Default judgment was entered on December 26, 2008 in the amount of $3,986.60.

16.    Over four years later, on February 24, 2012, a Substitution of Attorney was filed. The Law Office of Harris & Zide was substituted as Arrow's new counsel. The Substitution of Attorney is attached as Exhibit 1.

17.    On October 10, 2012, Arrow Financial Services, L.L.C. filed a "Certificate of Cancellation" with the State of California Secretary of State. This document is attached as Exhibit 2.

18.    On December 27, 2013, the San Mateo County Superior Court issued a Writ of Execution in Case No. CLJ477648 at defendants' request.

19.    On January 7, 2015, Harris & Zide filed a Memorandum of Costs after Judgment, Acknowledgement of Credit, and Declaration of Accrued Interest. The filing claimed the following costs: a) $25.00 for issuing writ of execution on 12/27/13, b) $35.00 for levying officer fees on 1/15/14, and $175.00 in "EWO Fee" on 1/14/15. This document is attached as Exhibit 3.  Plaintiff is informed and believes that these amounts were added to the amount of the judgment.

20.    On January 7, 2015, the San Mateo County Superior Court issued a Writ of Execution in Case No. CLJ477648 at defendants' request.

21.    On March 18, 2016, the San Mateo County Superior Court issued a Writ of Execution in Case No. CLJ477648.  The Writ of Execution was later returned to the Court, and thus appears in the Court's records. The Writ of Execution is attached as Exhibit 4.  On the Writ of Execution, Harris & Zide failed to fill in the portion of the Judicial Council form which called for the Attorney to identify the "Name" of its client.  If it had done so, it would have had to disclose to the court that its client was not Arrow.  On the form, Harris & Zide identified itself as the attorney for the "Judgment Creditor," which was listed as "Arrow Financial Services LLC."

CLASS ACTION COMPLAINT                                                                    4

22.     On November 8, 2016, the San Mateo County Superior Court issued another Writ of Execution in case No. CLJ477648 at defendants' request.

23.     On August 18, 2017, Harris & Zide filed a Memorandum of Costs after Judgment, Acknowledgement of Credit, and Declaration of Accrued Interest which claimed $25.00 for issuing a Writ of Execution on 11/08/16.  This document is attached as Exhibit 5. Plaintiff is informed and believes that these amounts were added to the amount of the judgment.

24.     On September 1, 2017, the San Mateo County Superior Court issued another Writ of Execution in Case No. CLJ477648 at defendants' request in the amount of $7,650.62, which included a $25.00 fee for issuance of the Writ of Execution, and previously assessed costs after judgment in the amount of $750. On the Writ of Execution, Harris & Zide failed to fill in the portion of the Judicial Council form which called for the Attorney to identify the "Name" of its client.  The Writ of Execution is attached as Exhibit 6.

25.     On or about November 29, 2017, Ms. Norton filed a Claim of Exemption in response to a garnishment of her wages which defendants had begun.

26.     The wage garnishment continued into December 2017.

27.     Defendants garnished over $1,000 from Ms. Norton's paycheck.

28.     Ms. Norton appeared at a hearing on the Claim of Exemption on January 3, 2018. As a result of her attendance at the hearing, she missed a day of work, which caused her to lose wages.

29.     On December 15, 2017, attorney Noah Zinner of Housing and Economic Rights Advocates in Oakland, California, wrote a letter to Flint Zide at Harris & Zide in response to the wage garnishment it had initiated with respect to Ms. Norton.  The letter stated that the wage garnishment appeared to be improper because Arrow had filed a Notice of Cancellation, and no other party had established itself as the assignee of record.

CLASS ACTION COMPLAINT                                                          5

30.    On December 18, 2017, Harris & Zide filed a Notice of Termination or Modification of Earnings Withholding Order.

31.    At some point after December 18, 2017, Ms. Norton was reimbursed some, but not all of the wages which had been garnished from her.

32.    On February 13, 2018, Flint Zide at Harris & Zide disclosed to Mr. Zinner that he represented LVNV.

33.    Plaintiff is informed and believes that LVNV acquired the judgment from Arrow in 2012.

34.    LVNV never disclosed to the San Mateo County Superior Court that it had acquired the judgment against Ms. Norton.

35.    LVNV did not disclose to Ms. Norton that they had acquired the judgment against her until 2018.

36.    On May 11, 2018, Ms. Norton, through counsel filed a Motion to Quash Writs of Execution in San Mateo County Superior Court.  The motion was unopposed. On June 29, 2018 the Court granted the motion, and quashed the Writs of Execution dated December 27, 2013, January 7, 2015, March 18, 2016, November 8, 2016, and September 1, 2017.  The court's Order is attached as Exhibit 7, and states:

> This court takes judicial notice of the Certificate of Cancellation filed with the California Secretary of State on behalf of Plaintiff Arrow Financial Services LLC on October 10, 2012.  Accordingly, Arrow Financial Services LLC is disqualified from collecting the judgment at issue.  While the pleadings in this action name attorney Flint Zide as attorney for an unidentified judgment creditor, no acknowledgement of assignment of judgment has been filed as required by Code of Civil Procedure § 673.  Accordingly, the unopposed motion to quash writs of execution is GRANTED.

CLASS ACTION COMPLAINT                                                                 6

**CLASS DEFINITIONS**

37.     The Proposed Class ("Class") consists of all California residents where all of the following conditions apply:

38.     LVNV, represented by Harris & Zide, took judicial action (including obtaining Writs of Execution, wage garnishment, and bank levy) after October 10, 2012 and within four years the filing date of this action, to collect a judgment based on a consumer debt obtained in a California court;

39.     Arrow was the plaintiff of record at the time the judgment was entered; and

40.     LVNV did not file an Assignment of Judgment in conformity with California Code of Civil Procedure § 673.

41.     The Proposed Subclass ("Subclass") consists of all members of the Class, where the judicial action was taken within one year of filing of this action.

**ALLEGATIONS COMMON TO ALL CLASS MEMBERS**

42.     Each Class and Subclass member was subject to collection activities related to a judgment obtained by Arrow.

43.     The Class and Subclass each likely consist of dozens - possibly hundreds - of members and are each so numerous that joinder is impracticable.  The members are readily ascertainable through the records of Defendants.

44.     Questions of law and fact of common and general interest exist as to all members of the Class and Subclass and will predominate over any questions affecting only individual members. Most notably, the common questions include the issue of whether defendants' collection actions were unlawful given that defendants had not complied with Code of Civil Procedure § 673.

CLASS ACTION COMPLAINT                                                                 7

45.     Ms. Norton's claims are typical of the claims of the members of the Class and Subclass, as she was subject to collection efforts by LVNV and Harris & Zide, where no Assignment of Judgment pursuant to Code of Civil Procedure § 673 was filed.

46.     Ms. Norton will fairly and adequately protect the interests of the members of the Class and Subclass.  Ms. Norton has no interest adverse to the Class and Subclass.  Additionally, Ms. Norton has retained counsel experienced in the prosecution of class actions, including consumer classes actions under the federal FDCPA, the Rosenthal Act, and Business and Professions Code § 17200, et seq.  Ms. Norton is thus ready, willing and able to fairly and adequately represent the interests of the Class and Subclass.

47.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual member are relatively small compared to the expense and burden of prosecuting individual cases.

48.     If individual members of the classes were required to bring separate actions, courts could be confronted by multiple lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, the class action presents fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

49.     Many of the members of the Class and Subclass may be unaware of the existence of laws that provide them with protection from the facts described above and therefore may not seek out legal assistance without the classes.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
**Violation of the Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq.)**
**(Brought as a Class Action on Behalf of Ms. Norton and the Subclass)**

50.     Plaintiff realleges and incorporates herein by reference the allegations in all other paragraphs.

51.     LVNV and Harris & Zide are 'debt collectors' within the meaning of 15 U.S.C. § 1692a(6).   The monies allegedly owed by the members of the Subclass are "debts" within the meaning of 15 U.S.C. § 1692a(5).

52.     LVNV and Harris & Zide were prohibited from taking judicial action to attempt to collect judgments against all members of the Subclass because of the provisions of Code of Civil Procedure § 673.

53.     LVNV and Harris & Zide in fact took judicial action to attempt to collect judgments against members of the Subclass, including obtaining multiple Writs of Execution and instituting wage garnishment proceedings. Defendants also claimed the costs associated with these unlawful judgment collection actions and added them to the judgment amount. These actions violated the FDCPA with respect to members of the Subclass.  Specifically, LVNV and Harris & Zide violated the following provisions:

a.     15 U.S.C. § 1692e, which prohibits any false, deceptive or misleading representation or means in connection with the collection of any debt;

b.     15 U.S.C. § 1692e(2)(A), which prohibits misrepresentation of the character, amount, or legal status of the debt;

c.     15 U.S.C. § 1692e(5), which prohibits threats to take any action that cannot legally be taken or that is not intended to be taken;

c.     15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt;

CLASS ACTION COMPLAINT                                                               9

d.     15 U.S.C. § 1692f, which prohibits any unfair or unconscionable means to collect or attempt to collect any debt;

e.     15 U.S.C. § 1692f(1) which prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law; The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

54.     As a result of defendants' violations of the FDCPA, plaintiff and members of the Subclass were damaged.


## SECOND CAUSE OF ACTION
**(Violation of state Fair Debt Collection Act, Civil Code § 1788 et seq.)**
**(Asserted on behalf of Plaintiff and the Subclass)**

55.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

56.     Each of the defendants is a "debt collector" within the meaning of Civil Code § 1788.2(c).   The monies allegedly owed by the members of the Subclass are "debts" within the meaning of Civil Code § 1788.2(d).

57.     The debt collection practices of defendants violated various provisions of the state Fair Debt Collection Practices Act, including to but not limited to the following:

a.     Civil Code § 1788.13(e) which prohibits representations that consumer debt may be increased by the addition of fees and charges when such fees or charges may not legally be added to the existing obligation;

b.     Civil Code § 1788.17, which incorporates by reference, and requires compliance with the provisions of the federal FDCPA set forth in the First Cause of Action above.

58.     As a result of defendants' violations of the state FDCPA, plaintiff and members of the Subclass were damaged.

CLASS ACTION COMPLAINT                                                                                  10

**THIRD CAUSE OF ACTION**
**(Violation of the Unfair Competition Law, Business and Professions Code § 17200, et seq.)**
**(Asserted on behalf of Plaintiff and the Class)**

59.     Plaintiff incorporates all other paragraphs as though fully set forth herein.

60.     California Business and Professions Code sections 17200, et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent or deceptive business act or practice.

61.     Defendants' conduct alleged herein constitutes unfair, unlawful, or fraudulent acts or practices within the meaning of Business and Professions Code sections 17200, et seq.

62.     As a direct result of Defendants' unfair, unlawful, or fraudulent acts and practices, Class members sustained injuries in fact and lost money or property.  For example, Class members were subjected to unlawful collection actions such as wage garnishment.

63.     As a direct and proximate result of Defendants' practices, Defendants have been unjustly enriched and should be ordered to make restitution to Class members pursuant to Business and Professions Code sections 17203 and 17204.

64.     Defendants' unlawful, unfair and fraudulent business practices alleged herein present a continuing threat to Plaintiff, the Class and members of the public in that on information and belief Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

65.     Defendants violated the UCL as alleged above and in the following regards.

66.     Unlawful.  Defendants' conduct is unlawful insofar as it violated the Code of Civil Procedure § 673, the FDCPA, and the Rosenthal Act.

67.     Unfair.  Defendants' conduct unlawful collection activity is unfair in that the harm to consumers, from being subject to unlawful collection activity, outweighs the utility of the above described conduct.

68.   <u>Fraudulent.</u>  Defendants' unlawful collection activity is fraudulent in defendants represented to the court and to the Class members that it was collecting on behalf of Arrow, the original judgment creditor.  Further, Defendants' implicit represent that they have a lawful basis for their collections actions to the court and to Class members by virtue of the fact that they process such collection actions through the Courts.

69.   Defendants have been and will continue to be unjustly enriched by their unfair, unlawful, or fraudulent acts and practices as alleged herein.  In order to undo the unjust enrichment, and in order to prevent the unjust enrichment in the future, the Class members are entitled to restitution, and the Class members and the general public are entitled to injunctive relief.

70.   Plaintiff requests an award of attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against defendants and relief as follows:

<u>On the First Cause of Action (Federal FDCPA)</u>

    a.   for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) for herself and the members of the class;

    b.   for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) for herself and members of the class;

    c.   for prejudgment interest;

    d.   for reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    e.   for such other and further relief as the Court may deem proper.

On the Second Cause of Action (state FDCPA)

    a.   for actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) (incorporated into the state FDCPA by Civil Code § 1788.17) for herself and the members of the class;

    b.   for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) (incorporated into the state FDCPA by Civil Code §1788.17) for herself and members of the class;

    c.   for prejudgment interest;

    d.   for reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) (incorporated into the state FDCPA by Civil Code § 1788.17) and Civil Code § 1788.30(c); and

    e.   for such other and further relief as the Court may deem proper.

On the Third Cause of Action (UCL)

    a.   For restitution of all money paid/obtained by the Class and Subclass members to Defendants as a result of the unlawful collection activities;

    b.   An order enjoining Defendants' future use of the above-described unfair or deceptive acts;

    c.   for prejudgment interest;

    d.   for reasonable attorneys fees pursuant to Code of Civil Procedure § 1021.5;

    e.   for costs; and

    f.   for such other and further relief as the Court may deem proper.

DATED: August 17, 2018        LAW OFFICES OF WILLIAM E. KENNEDY
                                  HOUSING AND ECONOMIC RIGHTS ADVOCATES

                      By      /s/_____
                               William E. Kennedy
                               Attorneys for Sonya Norton and the Proposed Class   and Subclass

CLASS ACTION COMPLAINT                               13

1

## **DEMAND FOR JURY TRIAL**

2          Please take notice that Plaintiff Sonya Norton demands a trial by jury in this action.

3

4    DATED:  August 17, 2018              LAW OFFICES OF WILLIAM E. KENNEDY
                                         HOUSING AND ECONOMIC RIGHTS ADVOCATES
5

6                                  By      /s/_____
                                         William E. Kennedy
7                                        Attorneys for Sonya Norton and the Proposed Class and
8                                        Subclass

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                                                                14