UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA NORTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LVNV FUNDING, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-05051-DMR<br><br>**ORDER ON DEFENDANT'S MOTION TO AMEND**<br><br>Re: Dkt. No. 82 |

Plaintiff Sonya Norton filed this putative class action against Defendants LVNV Funding, LLC ("LVNV") and Law Office of Harris & Zide ("H&Z") alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and California's Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788 *et seq.* Norton also seeks injunctive relief under California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.* LVNV now moves for leave to file an amended answer to add "setoff" as an affirmative defense.[1] [Docket Nos. 82 ("Mot."); 85 ("Reply").] Norton timely opposed. [Docket No. 84 ("Opp.").] The court finds the motion suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b).

For the reasons stated below, LVNV's motion is granted.

**I.　BACKGROUND**

The court partially granted Defendants' motions to dismiss the first and second amended complaints.[2] [Docket Nos. 30, 47.] Norton filed a third amended complaint on September 10, 2019. [Docket No. 48 ("TAC").] Norton alleges that Defendants engaged in unlawful debt collection

---

[1] This motion is brought solely on behalf of LVNV.

[2] Norton amended her complaint once before Defendants appeared.

practices by failing to file an acknowledgment that a judgment against Norton had been assigned to LVNV by LVNV's predecessor. California Code of Civil Procedure section 673 requires a judgment assignee to file an acknowledgment of assignment of judgment in order to become the assignee of record and enforce the judgment. *See* Cal. Code Civ. Proc. § 673. According to Norton, LVNV unlawfully collected on the judgment by garnishing her wages without becoming the assignee of record. One of the remedies Norton seeks is restitution for money obtained from the class and subclass as a result of Defendants' alleged unlawful collection activities. TAC at 16. Defendants each answered the TAC on September 26, 2019. [Docket Nos. 51, 52.] Neither answer includes setoff as an affirmative defense.

LVNV asserts that it has long contemplated a setoff defense and discussed it early in the case with Plaintiff's counsel, but inadvertently omitted it from its answer. In support, LVNV offers the declaration of defense counsel Tomio Narita, who spoke with Plaintiff's counsel in January 2019. [Docket No. 82-2 ("Narita Decl.") ¶ 2.] During that conversation, Narita informed Plaintiff's counsel that LVNV would be "entitled to setoff any amounts returned to Plaintiff or the putative class." *Id.* Defense counsel Travis Campbell testifies in his declaration that he discovered that Defendants' answer did not include that defense while preparing Defendants' mediation statement on January 30, 2020. [Docket No. 82-3, Declaration of Travis Campbell in Support of Motion to Amend ("Campbell Decl.") ¶ 2.] He avers that the omission was inadvertent and based on a good faith error by LVNV's counsel. *Id.*

The parties attended mediation on February 12, 2020, and the case did not settle. Narita Decl. ¶ 3. On February 17, 2020, Narita asked Plaintiff's counsel to stipulate to the filing of an amended answer that included setoff as an affirmative defense. *Id.* ¶ 4. Plaintiff did not agree to so stipulate. *Id.* Accordingly, LVNV filed this motion on March 4, 2020, seeking leave from the court to file an amended answer.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure ("Rule") 15(a) governs amendment of the pleadings prior to the court's filing of a pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). After entry of the scheduling order, a party may seek leave to amend the

2

pleadings only if they first satisfy the "good cause standard" of Rule 16(b)(4).[3] *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017) (citing *Wholesale Natural Gas*, 715 F.3d at 737); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). While Rule 15(a) favors liberal amendment, "which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party," Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party was not diligent, "the inquiry should end." *Id.* Conversely, a party can show good cause "if a scheduling order's deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Lamberth v. Clark Cty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017). The district court has "broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order" are reviewed for abuse of discretion. *U.S. v. Dang*, 488 F.3d 1135, 1143 (9th Cir. 2007) (citations omitted).

Once the party has demonstrated good cause under Rule 16(b), the court then applies the Rule 15(a) standard. *Johnson*, 975 F.2d at 608. Under Rule 15(a), leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

---

[3] Under the court's scheduling order, the deadline to seek leave to amend the pleadings to add new parties, claims, and defenses was December 16, 2019. [Docket No. 61.] To the extent that Norton argues that LVNV is prohibited from seeking leave to amend because of that deadline, the court disagrees. The good cause standard of Rule 16(b)(4) plainly applies to amendments occurring after the scheduling order deadline has passed. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("*Wholesale Natural Gas*"), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

3

### III. DISCUSSION

LVNV argues that the court should grant it leave to amend its answer because (1) it has good cause to amend under Rule 16(b); (2) it has also met the requirements of Rule 15(a); and (3) it could, in any case, raise the setoff defense for the first time on summary judgment.[4]

#### A.     Rule 16(b)

LVNV argues that it has met the good cause standard of Rule 16(b) because it has diligently sought to remedy its inadvertent error in omitting setoff as an affirmative defense. LVNV points out that it discovered the omission on January 30, 2020, after the deadline to amend the pleadings had already passed, and argues that it was reasonable to wait until after the February 12, 2020 mediation to raise the issue with Norton. LVNV asserts that its counsel contacted Norton's counsel within two business days of the mediation to request a stipulation to amend. LVNV filed this motion just over two weeks after Norton declined to stipulate to its request, and a little more than a month after it first discovered the error. Norton disputes LVNV's characterization of its diligence. She asserts that LVNV had notice of her claim for restitution since the beginning of the case, and that LVNV did not seek leave to amend its answer until over three months after the deadline to amend pleadings had passed. She further argues that LVNV's admitted inadvertence was careless and therefore not sufficient to meet the diligence requirement of Rule 16(b).

The underlying purpose of Rule 16(b) was explored in a published California district court opinion and affirmed by the Ninth Circuit on appeal. *See C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190 (C.D. Cal. 2009) ("*Capistrano*"), *aff'd sub nom. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011). The district court in *Capistrano* pointed out that *Johnson*, a leading Ninth Circuit authority on this issue, cited *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463 (D.N.J. 1990) in developing the "diligence" standard. 656 F. Supp. 2d at 1196. *Harrison*, in turn, reviewed the Advisory Committee notes on Rule 16, and observed that "[t]he 1983 amendments to the Federal Rules of Civil Procedure were enacted specifically to require 'judicial control over a case and to schedule dates for completion by the parties of the

---

[4] The court does not reach the third argument because LVNV has shown good cause to amend its answer.

4

principal pretrial steps.'" *Harrison*, 133, F.R.D. at 469 (quoting Fed. R. Civ. P. 16, Advisory Committee's Note on 1983 Amendment). *Capistrano* thus concluded that the heart of the Rule 16(b) analysis goes to the court's efficient adjudication of a case. *See Capistrano*, 656 F. Supp. 2d at 1197. For example, in *Capistrano*, a student sued a school district and a teacher for violation of his First Amendment rights under 42 U.S.C. § 1983. The deadline for amending pleadings under the court's scheduling order was August 17, 2008. *Id.* at 1193 n. 3. On May 1, 2009, the court ruled on the parties' cross-motions for summary judgment. *Id.* at 1193. On July 24, 2009, the defendants moved to amend their answer to add a qualified immunity defense. They represented that the availability of the defense only became apparent after the court's ruling on the cross-motions for summary judgment. *Id.* In finding that allowing amendment comported with the underlying purpose of Rule 16(b), the court noted that "asserting the qualified immunity defense at this point in the litigation has created no meaningful cases management issues nor has it infringed on the efficient adjudication of the action." *Id.* at 1197. The Ninth Circuit affirmed this reasoning. 654 F.3d at 984. In sum, the purpose of Rule 16(b) is to facilitate efficient case management.

In this case, Norton has not pointed to any compelling case management issues. Discovery does not close until October 13, 2020, and the last day for hearing dispositive motions is December 10, 2020. [Docket No. 62.] There is ample time for Norton to conduct discovery on the setoff defense and raise any discovery disputes with the court. Neither party raises setoff as an issue in the currently pending class certification motion. Further, *Capistrano* permitted amendment almost a year after the deadline to amend pleadings, and almost three months after the availability of the defense became "apparent" to the defendants. In contrast, LVNV filed this motion about two and a half months after the deadline to amend pleadings, and just over a month after discovering the necessity of amendment. Therefore, Rule 16(b)'s purpose in promoting efficient case management does not appear to be undermined by allowing the proposed amendment at this stage.

Norton cites to *Johnson*'s admonishment that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. However, *Johnson* is readily distinguishable. There, the plaintiff sought to add additional parties after the deadline for joinder had passed. Prior to the joinder deadline, the plaintiff had repeatedly received information

pointing to the existence of additional defendants as follows. In its answer, the named defendant denied ownership and control of the liable entity. 975 F.2d at 606. Its discovery responses similarly asserted that different parties were liable, and explicitly named those parties. *Id.* at 606-07. Defense counsel sent a letter to the plaintiff informing him that he had named the wrong entity. *Id.* at 607. The Ninth Circuit determined that "[f]ailing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence." *Id.* at 609. There are no similar indicia in this case that LVNV failed to respond to evidence of its omission. Instead, LVNV filed this motion just over a month after it discovered the error, and well within the discovery and dispositive motion deadlines.

The other cases Norton cites are not compelling. *See* Opp. at 5 (citing *Kaneka Corp. v. SKC Kolon PI, Inc.*, 2014 WL 12778553 (C.D. Cal. Oct. 24, 2014); *Sugita v. Parker*, 2015 WL 5522078 (E.D. Cal. Sept. 16, 2015); *Star Envirotech v. Redline Detection, LLC*, 2015 WL 12777087 (C.D. Cal. Apr. 21, 2015)). The analysis in *Kaneka* is brief and does not explore the purpose of Rule 16(b). Further, the plaintiff in *Kaneka* sought to amend its complaint after the defendant had filed its motion for summary judgment. 2014 WL 12778553, at *1. It is therefore unclear whether the amendment would have caused case management issues by delaying consideration of the summary judgment motion. In *Sugita*, the defendant sought additional time to file a dispositive motion and to continue the pretrial conference, both of which would clearly affect efficient resolution of the case. 2015 WL 5522078, at *1. Here, LVNV has not sought to change the deadlines for discovery, dispositive motions, or the pretrial conference, nor do extensions of those deadlines appear necessary. The conclusory analysis in *Star Envirotech* does not detail either the underlying facts of the case or how amendment would have affected case management deadlines. Additionally, *Star Environtech* noted that the party seeking amendment had not provided the date that it discovered its error. 2015 WL 12777087, at *2. In contrast, LVNV has explained that it filed this motion just over a month after discovering its error and that the case management deadlines will not be affected.

In sum, the underlying purpose of Rule 16(b) is to facilitate the court's "early control over the litigation." Fed. R. Civ. P. Rule 16, Advisory Committee's Note on 1983 Amendment. That purpose is not undermined by allowing the proposed amendment of the answer at this stage of the

litigation. Accordingly, LVNV has met its burden to show good cause for the amendment.

**B.     Rule 15(a)**

Once a party has shown good cause to amend its pleading after the deadlines set by the court's scheduling order, it must also demonstrate that amendment is proper under Rule 15(a). *Johnson*, 975 F.2d at 608. Amendment under Rule 15(a) should be "freely given . . . [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc." *Foman*, 371 U.S. at 182. The factors cited by *Foman* are absent here. Although Norton speculates that LVNV may delay in providing discovery responses regarding its setoff defense, this assertion appears to be pure conjecture. In any case, there is ample time to resolve discovery disputes prior to the discovery cutoff date. Norton does not point to any bad faith or dilatory motive by LVNV, nor is any apparent. Finally, although Norton points out that she has already fully briefed the class certification motion, the setoff defense is not at issue in that motion.

The court finds that permitting amendment of the answer is appropriate under Rule 15(a).

## IV.    CONCLUSION

For the reasons stated above, the court grants LVNV's motion to amend its answer. LVNV must file an amended answer by no later than June 2, 2020.

**IT IS SO ORDERED.**

Dated: May 19, 2020

_____
Donna M. Ryu
United States Magistrate Judge