William E. Kennedy (CSB #158214)
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
wkennedy@kennedyconsumerlaw.com

Gina Di Giusto California Bar No. 293252
gdigiusto@heraca.org
HOUSING AND ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, California  94612
(510) 271-8443 phone
(510) 868-4521 fax

Attorneys for Plaintiff SONYA NORTON and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sonya Norton,<br><br>        Plaintiff,<br><br>   v.<br><br>LVNV Funding, LLC, Law Office of Harris & Zide,<br><br>        Defendants. | Case No. 4:18-cv-05051 DMR<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: July 8, 2021<br>Hearing Time: 1:00 p.m.<br>Room:  Courtroom 4<br>Action filed: August 17, 2018<br><br>Hon. Donna M. Ryu |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 8, 2021 at 1:00 p.m. in Courtroom 4, located on the 3rd Floor of the above referenced Court, at 1301 Clay Street, Oakland, California 94612, the Honorable Donna M. Ryu presiding, plaintiff Sonya Norton will, and hereby does, move the Court for an Order (1) preliminarily approving the proposed settlement of this class action; (2) approving the Class Notice (Exhibit 1 to the Settlement Agreement), the Claim Form (Exhibit 2 to the Settlement Agreement), and method for providing notice to the class; and (3) scheduling a final approval hearing date to consider Plaintiff's motion for final approval of the settlement and entry of judgment, and Plaintiff's application for a service award, attorneys' fees and costs.

This Motion is based on this Notice; the accompanying Points and Authorities; the Declarations of William E. Kennedy, Gina DiGiusto, Sonya Norton; Scott Mauer, and Julie Green (of proposed Class Administrator CPT Group, Inc.), the Settlement Agreement between the parties, attached as Exhibit 1 to the Declaration of William E. Kennedy, filed herewith and the exhibits attached thereto; the complete files and records in this action; such evidence as may be presented at the hearing; and such other matters as the Court may take notice.

A motion for preliminary approval of the class settlement was originally filed on March 11, 2021 and heard on April 22, 2021. Following the oral arguments, Plaintiff withdrew the motion and entered into negotiations with Defendants to address certain issues raised by the Court at oral argument. Plaintiff now refiles the motion for approval of a revised settlement.

DATED: May 28, 2021

CONSUMER LAW OFFICES OF WILLIAM E. KENNEDY
HOUSING AND ECONOMIC RIGHTS ADVOCATES


___/s/_____
William E. Kennedy

___/s/_____
Gina di Giusto

Attorneys for Sonya Norton and the Class and Subclass

1

**TABLE OF CONTENTS**

2  I.    INTRODUCTION.................................................................................1

3  II.   STATEMENT OF ISSUES TO BE DECIDED..................................2

4  III.  CASE SUMMARY ................................................................................2

5  IV.   OVERVIEW OF SETTLEMENT TERMS .........................................4

6     A.   Modifications to the Original Settlement Terms ...............................4

7     B.   Description of Settlement Terms ......................................................4

8        1.   Full Refund Plus Interest on Claims Made Basis ........................5

9        2.   $50,000.00 Distributed *Pro Rata* to Subclass Members on Claims Made Basis......................6

10       3.   Agreement Not to Collect Costs With No Claim Form Required ............................6

11       4.   Agreement Not to Collect or Transfer on "Closed" Files With No Claim Form Requirement.7

12       5.   Incentive Award................................................................................7

13       6.   Attorney's Fees Paid Separately From Class Relief .....................7

14       7.   Cy Pres .............................................................................................8

15  V.    THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY APPROVAL ............8

16     A.   The Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations.................8

17     B.   The Settlement has No "Obvious Deficiencies" and Falls within the Range of Possible

18     Approval .............................................................................................9

19       1.   Strength of Plaintiff's Case...........................................................11

20       2.   Risk, Expense, Complexity and Likely Duration of Further Litigation ................................13

21       3.   Risk of Maintaining Class Status throughout the Trial...............13

22       4.   Amount Offered in Settlement.......................................................14

23       5.   Extent of Discovery Completed and the Stage of the Proceedings .........................14

24       6.   Experience and Views of Counsel .................................................14

25       7.   Presence of a Governmental Participant........................................14

26       8.   Reaction of Class Members to the Proposed Settlement ...............15

27     C.   The Settlement Does Not Improperly Grant Preferential Treatment.....................................15

28

NOTICE OF MOTION AND MOTION FOR PRELIM. APPROVAL OF SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES
CASE NO. 4:18-CV-05051 DMR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VI.  THE PROPOSED CLASS NOTICE, CLAIM FORM AND NOTIFICATION PROCEDURES ARE APPROPRIATE ......................................................................................... 15

VII. PLAINTIFF'S PROPOSED CY PRES RECIPIENT IS APPROPRIATE .................................... 18

VIII.    PROPOSED TIMELINE ........................................................................................ 18

IX.  CAFA NOTICE AND SUBSTANTIVE COMPLIANCE ........................................... 18

X.   CONCLUSION ........................................................................................................ 19

1
2

**<u>TABLE OF AUTHORITIES</u>**

3 **<u>Cases</u>**

4  *Angell v. City of Oakland*, 2015 U.S. Dist. LEXIS 1037, 2015 WL 65501 (N.D. Cal. Jan. 5, 2015)......9

5  *Churchill Village v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)................................................................13

6  *Davis v. RAM Partners, LLC,* Case No. 1:19-cv-00349 (M.D.N.C.)......................................................19

7  *Frank v. Autovest, LLC*, 961 F.3d 1185 (D.C. Cir. 2020) ......................................................................14

8  *Harper v. Law Office of Harris & Zide LLP,* 15-cv-01114-HSG, 2016 U.S. Dist. LEXIS 59417, at *21

9     (N.D. Cal. May 4, 2016) .......................................................................................................................12

10 *Harris v. Vector Mktg. Corp.*, 2011 U.S. Dist. LEXIS 48878, 2011 WL 1627973 (N.D. Cal. Apr. 29,

11    2011) ........................................................................................................................................................9

12 *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1059 (N.D. Cal. 2007) .............................................10

13 *Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352 (1974) ............................................................................13

14 *La Caria v. Northstar Location Servs.*, 2:18-cv-00317-GMN-DJA, 2021 U.S. Dist. LEXIS 4662 (D.

15    Nev. Jan. 11, 2021) ..............................................................................................................................10

16 *Lowe v. Maxwell & Morgan, PC*, 322 F.R.D. 393 (D. Ariz. 2017) ........................................................6

17 *Macias, et al. v. DTLA Management LLC, et al.,* Los Angeles Superior Court Case No. BC 522339..19

18 *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ...................11

19 *Peterson v. Cruickshank*, 144 Cal.App.2d 148 (1956)..........................................................................13

20 *Popa v. Winn Law Group*, APC, CV 17-6804 DSF (RAOx), 2019 WL 289832, (C.D. Cal. Jan. 23,

21    2019) ......................................................................................................................................................14

22 *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009)...............................................................17

23 *Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) ...............................................................................12

24 *Satchell v. Fed. Exp. Corp.*, 2007 U.S. Dist. LEXIS 99066, 2007 WL 1114010 (N.D. Cal. Apr. 13,

25    2007) ......................................................................................................................................................10

26 *Slenk v. Transworld, Sys., Inc.*, 236 F.3d 1072 (9th Cir. 2001) .............................................................6

27 *Stanton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003)............................................................................17

28 *Thio v. Genji*, LLC, 14 F. Supp. 3d 1324 (N.D. Cal. 2014) ..................................................................12

1

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) ........................................................................ 6

2

3 **Statutes**

4 15 U.S.C. § 1692 ........................................................................................................................ 2

5 15 U.S.C. § 1692a(5) .......................................................................................................... 5, 12

6 15 U.S.C. § 1692k(a) ............................................................................................................... 10

7 15 U.S.C. § 1692k(a)(B) ........................................................................................................... 6

8 15 U.S.C. § 1692k(b)(2) .......................................................................................................... 10

9 15 U.S.C. § 1692k(c) ............................................................................................................... 12

10 15 U.S.C. § 1692k(d) ................................................................................................................ 4

11 28 U.S.C. § 1714 ..................................................................................................................... 19

12 28 U.S.C. § 1715(b) ................................................................................................................ 18

13 California Business and Professions Code § 17200 .................................................................. 2

14 California Business and Professions Code § 17208 .................................................................. 3

15 California Civil Code § 1788 ..................................................................................................... 2

16 California Civil Code § 1788.18(e) ......................................................................................... 12

17 California Civil Code § 1788.2(e) ............................................................................................. 5

18 California Civil Code § 1788.2(f) ........................................................................................... 12

19 California Civil Code § 1788.30(f) ........................................................................................... 4

20 California Code of Civil Procedure § 673 ......................................................................... 2, 5, 9

21

22 **Rules**

23 Federal Rule of Civil Procedure 12(b)(6) ................................................................................. 2

24 Federal Rule of Civil Procedure 23(e) ...................................................................................... 8

25

26

27

28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3

Plaintiff Sonya Norton ("Plaintiff") seeks an order: (1) preliminarily approving the

4

proposed settlement of this class action with Defendants LVNV Funding, LLC ("LVNV") and

5

Law Office of Harris & Zide ("H&Z") (collectively, "Defendants"); (2) approving the form and

6

manner of notice to the class of the settlement; and (3) scheduling a final approval hearing date to

7

consider Plaintiff's motion for final approval of the proposed settlement and entry of judgment,

8

and Plaintiff's application for a class representative service award, attorneys' fees and costs.

9

After extensive discovery and motion practice, and following two mediation sessions and

10

continued settlement negotiations thereafter with the assistance of a mediator, and after further

11

settlement negotiations which took into consideration the observations made by the Court at the

12

first hearing on preliminary approval, Plaintiff and Defendants have reached a full and final

13

settlement, embodied in the Settlement Agreement, Exhibit 1 to the Declaration of William E.

14

Kennedy ("Kennedy Decl."), filed herewith.

15

As consideration for the settlement, Defendants have agreed to refund 100 percent of all

16

amounts collected by judicial action during the class period, plus 7 percent interest, to individuals

17

who submit a Claim Form stating that the financial obligation underlying the judgment entered

18

against them and in favor of non-party Arrow Financial Services, Inc. ("Arrow") was consumer

19

debt. Subclass members who submit such a Claim Form shall also receive a *pro rata* portion of

20

$50,000.00. In addition, Defendants have agreed not to collect any costs incurred in connection

21

with attempting to enforce the judgments for accounts categorized in their system as "Open."

22

Finally, Defendants have agreed to cease collection of any kind on the majority of the judgments,

23

which they have categorized as "Closed," and have further promised not to transfer such

24

judgments to other entities.

25

The settlement is fair, reasonable and adequate, and should be preliminarily approved.

26

27

28

Page 1

1  **II.    STATEMENT OF ISSUES TO BE DECIDED**

2          Whether the Court should preliminarily approve the Parties' settlement, approve the

3  form and manner of class-wide notice of settlement; and schedule a final approval hearing to

4  consider Plaintiff's motion for final approval of the proposed settlement and entry of

5  judgment, and Plaintiff's application for a service award, attorneys' fees and costs.

6

7  **III.    CASE SUMMARY**

8          On August 17, 2018, Plaintiff Sonya Norton filed her original Class Action Complaint.

9
10  Docket No. 1. The lawsuit asserted class-wide violations of the federal Fair Debt Collection

11  Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*; the Rosenthal Fair Debt Collection Practices

12  Act, ("Rosenthal Act") California Civil Code § 1788 *et seq.*, and the Unfair Competition Law,

13  California Business and Professions Code § 17200 *et seq. Id.* at 9-12.  Plaintiff alleged that

14  Defendants violated these statutes by collecting California court judgments assigned to LVNV using

15
16  judicial action (*e.g.,* wage garnishment and bank levy) without establishing LVNV as assignee of

17  record under California Code of Civil Procedure § 673. *Id.* 1-2.  Plaintiff filed a First Amended

18  Complaint on August 27, 2018.  Docket No. 5.

19          Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on
20
21  October 12, 2018.  Docket No. 12.  The motion was granted in part and denied in part. Docket No.

22  30.  Plaintiff filed a Second Amended Class Action Complaint on March 18, 2019. Docket No. 33.

23  Defendants filed a second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

24  on April 15, 2019. Docket No. 37.  On August 28, 2019, the Court issued an Order granting in part

25  and denying in part the motion. Docket No. 47.  Plaintiff filed a Third Amended Complaint on

26  September 19, 2019. Docket No. 48.  Defendants filed Answers to the Third Amended Complaint

27  on September 26, 2019. Docket Nos. 50, 51.

28

On March 4, 2020, Defendant LVNV filed a motion to Amend its Answer to the Third Amended Complaint to add setoff as an affirmative defense.  Docket No. 82. On May 19, 2020, the Court granted the motion. Docket No. 92.  LVNV filed an Amended Answer to the Third Amended Complaint on June 10, 2020. Docket No. 93.

On October 6, 2020, the Court granted Plaintiff's motion for class certification, appointed William E. Kennedy of the Consumer Law Office of William E. Kennedy, and Natalie Lyons of Housing and Economic Rights Advocates as Class Counsel, and appointed Plaintiff as Class Representative. Docket No. 103.

The definition of the certified Class[1] is as follows:  All California residents who meet the following conditions:

1)    LVNV Funding, LLC, represented by Law Office of Harris & Zide, took judicial action (including obtaining Writs of Execution, wage garnishment, and bank levy) after August 17, 2014 (four years prior to the filing of this action) to collect a judgment based on a consumer debt obtained in a California court;
2)    Arrow Financial Services, LLC was the plaintiff of record at the time the judgment was entered; and
3)    LVNV Funding, LLC did not file an Assignment of Judgment in conformity with California Code of Civil Procedure § 673 or otherwise become the assignee of record.

Docket No. 103, 4:8-14.

The four-year class period (dating back from the August 17, 2018 filing date of the original Complaint) corresponds to the four-year statute of limitations of the Unfair Competition Law, California Business and Professions Code § 17208.

The Court also certified a Subclass, which is defined the same as the Class, except that "August 17, 2017" is substituted for "August 17, 2014."  The one-year class period for the Subclass

---

[1] The Settlement Agreement does not amend the definition of the Class or Subclass. Settlement Agreement ¶ 1.07, 1.45.

Page 3

corresponds to the one-year statute of limitations applicable to the FDCPA and the Rosenthal Act. 15 U.S.C. § 1692k(d); California Civil Code § 1788.30(f).

On December 15, 2020, the Ninth Circuit Court of Appeals denied Defendants' Petition for Permission to Appeal the order granting class certification. Docket No. 113.

On December 17, 2020, the parties reached a settlement in principle.  The Settlement Agreement is finalized, and is attached as Exhibit 1 to the Declaration of William Kennedy filed in support of this motion.

## IV.    OVERVIEW OF SETTLEMENT TERMS

### A.  Modifications to the Original Settlement Terms

Following the April 22, 2021 hearing on the original motion for preliminary approval of class settlement (Docket No. 118) the parties renegotiated certain terms of the settlement in response to the Court's comments during oral argument. The settlement has been revised in the following matter:

1.  The Class Notice advises Class Members if they are also a member of the Subclass.
2.  The Class Notice informs Class Members of the dollar amount that was collected from them.
3.  The Claim Form sets out the contact information for Class Counsel William E. Kennedy, as well as the Class Administrator's contact information.
4.  The Claim Form now explains to class members what will happen if they check "Yes," "No," or "I don't know."
5.   The response period for claims has been extended from 45 to 75 days.
6.  The Subclass fund is increased from $25,000.00 to $50,000.00.  The maximum amount of attorney's fees and costs is reduced from $266,426.58 to $241,426.58.

### B.  Description of Settlement Terms

Under the revised settlement, the following relief will be provided by the settlement.

Page 4

### 1.    Full Refund Plus Interest on Claims Made Basis

As indicated by the class definition, the Class consists of individuals who reside in California, had judgment entered against them in favor of Arrow, and whose judgments were later assigned to LVNV.  Thereafter, LVNV retained H&Z, which sought to enforce the judgments on behalf of LVNV through judicial actions such as wage garnishment and bank levy without first filing an Assignment of Judgment in conformity with California Code of Civil Procedure §673 or taking other action that established LVNV as the assignee of record.  A central component of the class relief is that all Class Members who submit a timely Claim Form stating under penalty of perjury that the financial obligation they were originally sued for by Arrow was based on "consumer debt" (*i.e.*, a debt incurred primarily for personal, family or household use) will be refunded 100% of the money collected by judicial means, plus 7% interest, calculated from the date of collection. Settlement Agreement ¶ 4.03.

The Claim Form is attached as Exhibit 2 to the Settlement Agreement.  Class Members will also be able to fill in and submit the Claim Form online or by email.  Settlement Agreement ¶ 5.03. The use of a Claim Form is appropriate in this case, because the FDCPA and the Rosenthal Act only apply to consumer debt, and because the class as certified by the Court only includes persons who incurred consumer debts.[2]  The Acts do not apply, for example to debts incurred for business purposes.

Indeed, Defendants argued on class certification that Plaintiff had failed to satisfy Rule 23, because there was no evidence that any class members incurred "consumer debts," and Plaintiff had failed to point to any method for determining this essential element without a series of mini-trials about the circumstances of each class member's unpaid obligation.  *See* Doc. No. 86 at ECF pp. 11:12-18, 16:1-21:5, 28:3-32:2; *see also Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) (proving the existence of a debt under the FDCPA is a "threshold" issue in every case); *Slenk v. Transworld, Sys., Inc*., 236 F.3d 1072, 1076 (9th Cir. 2001) (to determine whether obligation qualifies as a "debt" the fact-finder must "look to the substance of the transaction and

---

[2] 15 U.S.C. § 1692a(5) (FDCPA); California Civil Code § 1788.2(e) (Rosenthal Act)

Page 5

the borrower's purpose in obtaining the loan"); *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 584 (7th Cir. 2019) ("Determining the purpose for which a debt was incurred is necessarily a fact-based, case-specific inquiry."); *Lowe v. Maxwell & Morgan, PC*, 322 F.R.D. 393, 402 (D. Ariz. 2017) (denying motion to certify FDCPA class; determining whether obligations of putative class are "debts" requires "case-by-case evaluation of the transaction as a whole in order to determine whether it 'was primarily consumer or commercial in nature.'").

The Court found that "[d]etermining the nature of each class member's debt will be necessary at some stage of litigation but is not inherently a barrier to class certification." Doc. No. 103 at ECF p. 20:10-12. The Court observed that a "notice and claims process" could be used to identify whether the debts of class members qualified as a "consumer debts." *Id*. at ECF p. 21:3-13 & n. 11. That "notice and claims" process referenced by the Court is the exact method the parties are now proposing be used as part of the settlement.

### 2.    $50,000.00 Distributed *Pro Rata* to Subclass Members on Claims Made Basis

With respect to Subclass Members, an amount of $50,000.00 shall be distributed *pro rata* to each Subclass member who submits a timely Claim Form stating under penalty of perjury that the financial obligation they were originally sued for by Arrow was "consumer debt." The $50,000.00 represents the amount negotiated by the parties for payment of statutory damages under the FDCPA. 15 U.S.C. § 1692k(a)(B).

### 3.    Agreement Not to Collect Costs With No Claim Form Required

For all Class Members whose judgments are classified in Defendants' systems as "Open Accounts," Defendants will delete all court costs (and interest accrued on court costs) incurred with respect to the judgments from their system and will cause all efforts to collect those amounts to cease. Defendants shall not sell or transfer the right to collect such court costs or interest on court costs to other entities. Court costs include, but are not limited to, Writ of Execution fees and Levying Officer Fees. Settlement Agreement ¶ 4.04. This relief will apply to all Class Members,

Page 6

regardless of whether they submit a Claim Form. *Id.*  Defendants represent that the accounts of 112 of the Class Members were categorized as "Open" as of January 20, 2021.  *Id.*

### 4. Agreement Not to Collect or Transfer on "Closed" Files With No Claim Form Requirement

For all Class Members whose judgments are classified in Defendants' system as "Closed Accounts," Defendants will make no further efforts to collect the balances owed pursuant to those judgments, and LVNV (the owner of the judgments), will not sell or transfer those judgments. Settlement Agreement ¶ 4.04.  Defendants represent that the accounts of 342 of the Class Members are Closed Accounts as of January 20, 2021.  The Class Notice shall state that Class Members may contact the Class Administrator to find out if their judgment is a "Closed Account."  This relief will apply to all Class Members, regardless of whether they submit a Claim Form.

### 5. Incentive Award

Under the Settlement Agreement, Plaintiff will apply to the Court for an incentive award of $7,000.00 for Class Representative Sonya Norton. Settlement Agreement ¶ 6.01. Defendants agreed not to oppose the application if it does not exceed $2,000, and thus reserve the right to oppose the application. *Id*.  The grounds for the request are that Ms. Norton provided valuable service to the class, including preparing for deposition, appearing for deposition, and attending two mediations (one by zoom). Norton Decl. ¶ 3-6.

### 6. Attorney's Fees Paid Separately From Class Relief

Under the Settlement Agreement, Class Counsel shall together make an application to the Court for an award of attorney's fees, expenses, and costs not to exceed $241,426.58 ($239,373 in attorney's fees and $2,053.58 in costs).  Settlement Agreement ¶ 7.01. Defendants shall not oppose any application by Plaintiff's Counsel for attorney's fees and costs, up to these amounts. *Id.*  The award for attorneys' fees, costs and expenses shall be paid separate from, and in addition to, the

Page 7

1  payments to the Class Members and Class Representative, and shall not reduce the amounts of

2  those payments. *Id.*

3

4        **7.    Cy Pres**

5        To the extent that any of the checks mailed to Class Members are not cashed within 90

6  days, the undistributed funds shall be donated to the Katherine and George Alexander Law Center

7  in San Jose, California as *cy pres*, upon court approval.  Settlement Agreement § 5.20.

8

9  **V.    THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY
         APPROVAL**

10       Under Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a

11  certified class may be settled, voluntarily dismissed, or compromised only with the court's

12  approval." The settlement must be "fundamentally fair, adequate and reasonable." *In re Heritage

13  Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2008).

14       If the proposed settlement "(1) appears to be the product of serious, informed, non-collusive

15  negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to

16  class representatives or segments of the class; and (4) falls within the range of possible approval,"

17  then the court may preliminarily approve the settlement and direct that the class members be given

18  notice of a formal fairness hearing.  *Angell v. City of Oakland*, 2015 U.S. Dist. LEXIS 1037, 2015

19  WL 65501, at *7 (N.D. Cal. Jan. 5, 2015) (quoting *Harris v. Vector Mktg. Corp.*, 2011 U.S. Dist.

20  LEXIS 48878, *23, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)).  The proposed settlement meets

21  these requirements.

22

23      **A.  The Settlement Is the Product of Serious, Informed, Non-Collusive
             Negotiations**

24       As noted above, this settlement comes after substantial litigation, including two motions to

25  dismiss, a motion to amend the Answer, a motion for class certification, and extensive discovery.

26  The parties also participated in two mediation sessions. The first was held on February 12, 2020

27  with mediator Peter Borkon, Esq. Docket No. 73.  The second was held on November 13, 2020

28  with mediator Celia McGuinness, Esq.  Kennedy Decl. ¶ 4. No settlement was reached on the

Page 8

mediation date, but negotiations continued for another month, with the assistance of Celia McGuinness, Esq., until a settlement in principle was reached on December 17, 2020, which was memorialized in a term sheet. *Id.* Additional negotiations between the parties occurred thereafter, as the parties exchanged competing versions of the Settlement Agreement, Class Notice, and Claim Form. *Id.*

"The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Exp. Corp.*, 2007 U.S. Dist. LEXIS 99066, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007). As a result of the hard-fought litigation, the parties came to the negotiating table with extensive knowledge of the strengths and weaknesses of their positions, and the settlement reflects this.

### B. The Settlement has No "Obvious Deficiencies" and Falls within the Range of Possible Approval

To evaluate the adequacy of a proposed settlement, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1059, 1080 (N.D. Cal. 2007).

The fundamental wrong alleged by Plaintiff in this lawsuit was Defendants' practice of using judicial processes such as wage garnishment and bank levy to collect judgments, without having first established itself as the "assignee of record" pursuant to California Code of Civil Procedure § 673. Under this settlement, Class Members who submit a timely Claim Form stating their judgment arose from a "consumer debt" will receive 100 percent of the amount collected by this practice, plus 7 percent interest. Thus, the settlement provides a **full recovery** for eligible Class Members without having to wait for the conclusion of a lengthy trial and appeal process. *See La Caria v. Northstar Location Servs.*, 2:18-cv-00317-GMN-DJA, 2021 U.S. Dist. LEXIS 4662 (D. Nev. Jan. 11, 2021) ("Because the settlement eliminates this lengthy process and further litigation may not improve the outcome, the Court finds the first two factors weigh in favor of granting preliminary approval"); *see also Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("In most situations, unless the settlement is clearly in adequate,

Page 9

its acceptance and approval are preferable to lengthy and expensive litigation with uncertain

results.").

        In addition, Subclass Members who submit a timely Claim Form stating their judgment

arose from a "consumer debt" will also share *pro rata* the $50,000.00, which represents the

negotiated amount for statutory damages under the FDCPA.  15 U.S.C. § 1692k(a) provides:

> Except as otherwise provided by this section, any debt collector who fails to comply with
> any provision of this subchapter with respect to any person is liable to such person in an
> amount equal to the sum of-
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may
> allow, but not exceeding $1,000; or
>
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be
> recovered under subparagraph (A), and (ii) such amount as the court may allow for all other
> class members, without regard to a minimum individual recovery, not to exceed the lesser of
> $500,000 or 1 per centum of the net worth of the debt collector;

Thus, an award of statutory damages is discretionary, not mandatory ("the court may allow").  The

factors which courts are to consider when determining the amount of any statutory damages are set

out at 15 U.S.C. § 1692k(b)(2):

> In determining the amount of liability in any action under subsection (a) of this section, the
> court shall consider, among other relevant factors -- . . . (2) in any class action under
> subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector,
> the nature of such noncompliance, the resources of the debt collector, the number of persons
> adversely affected, and the extent to which the debt collector's noncompliance was
> intentional.

        Further, the maximum amount of statutory damages recoverable in a class action is limited

to the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector.  *See Harper v.*

*Law Office of Harris & Zide LLP,* 15-cv-01114-HSG, 2016 U.S. Dist. LEXIS 59417, at *21 (N.D.

Cal. May 4, 2016) (granting motion for preliminary approval of FDCPA/Rosenthal Act class

settlement where class would receive $11,670 due to net worth of defendant).  Net worth has been

defined by some courts as assets minus liabilities.  *Sanders v. Jackson*, 209 F.3d 998, 1000 (7th

1    Cir. 2000).  Defendants contend that only H&Z's net worth is at issue in this case, because it was

2    H&Z, not LVNV, that sought to enforce the judgments against class members.  Defendants also

3    dispute that LVNV qualifies as a "debt collector" under the FDCPA.  Plaintiff has filed financial

4    documents under seal to allow the Court to evaluate the "net worth" limitation on the statutory

5    damages, so as to allow the Court to evaluate the strength of this aspect of the settlement.  Doc.

6    Nos. 123, 131.  The parties believe the damages number is fair, given the net worth of Defendants.

7          As noted above, Defendants will not collect costs from Class Members with Open

8    Accounts, and will cease all collection attempts from Class Members with Closed Accounts.

9    Class Members are not required to submit a Claim Form to receive this benefit.

10          The "Released Claims" as defined in the Settlement Agreement are limited to claims, *etc.*

11    "that were raised or that could have been raised based upon the facts set forth in the Action",

12    Settlement Agreement ¶¶ 1.40, 8.01. *See Thio v. Genji*, LLC, 14 F. Supp. 3d 1324, 1334 (N.D. Cal.

13    2014) (no obvious deficiencies in settlement where the claims released are limited to those based

14    upon the facts set forth in the complaint).

15          In evaluating whether the settlement falls within the range of possible approval, the Court

16    may consider the factors that ultimately will determine final approval:  (1) the strength of the

17    plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the

18    risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5)

19    the extent of discovery completed and the stage of the proceedings; (6) the experience and views

20    of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to

21    the proposed settlement. *Churchill Village v. Gen. Elec*., 361 F.3d 566, 575 (9th Cir. 2004) (citing

22    *Hanlon*, *supra*, 150 F.3d at 1026).

23                    **1.      Strength of Plaintiff's Case**

24          Plaintiff believes her case is strong. However, Defendants have asserted a setoff affirmative

25    defense in the amount of the judgment entered against each class member which, if successful,

26    would likely eliminate the recovery of amounts collected from class members and any statutory

27    damages awarded to the Subclass under the FDCPA or Rosenthal Act.  Plaintiff has argued that

28    setoff is an equitable defense which should not be applied by the court. *Kruger v. Wells Fargo*

Page 11

1  *Bank*, 11 Cal. 3d 352, 367 (1974). ("creditor's right to setoff is not absolute, but may be restricted

2  by judicial limitations imposed to uphold a state policy of protecting the rights of the debtor.")

3  However, Plaintiff is aware of no case which applies these arguments to violations of California

4  Code of Civil Procedure § 673.  Defendants believe the setoff defense is valid and would eliminate

5  any award to the class.  Therefore, this potential defense presented a risk at trial.

6          Defendants also assert the "bona fide error" defense set forth at 15 U.S.C. § 1692k(c):

7
8          A debt collector may not be held liable in any action brought under this subchapter if the
           debt collector shows by a preponderance of evidence that the violation was not intentional
9          and resulted from a bona fide error notwithstanding the maintenance of procedures
           reasonably adapted to avoid any such error.
10

11  An identical provision, found at California Civil Code § 1788.18(e) excuses violations of the

12  Rosenthal Act.  Defendants claim that its procedures were sufficient to invoke this defense.  *See*

13  *Kaiser v. Cascade Capital, LLC*, 989 F.3d 1127, 2021 U.S. App. LEXIS 6754, at **17-22 (9th Cir.

14  2021) (mistake of state law can support bona fide error defense)

15          Defendants also contend that Plaintiff has no evidence that the judgments of Class

16  Members arose from "consumer debts," which is an essential element of the Subclasses' claims

17  under the FDCPA and Rosenthal Act (15 U.S.C. § 1692a(5), California Civil Code § 1788.2(f)),

18  and is required to be a member of the Class.

19          In addition, Defendants believe that the claims of any Class Member who did not have

20  money collected from them fail, because they lack both UCL standing and Article III standing to

21  sue.  *See Popa v. Winn Law Group*, APC, CV 17-6804 DSF (RAOx), 2019 WL 289832, (C.D. Cal.

22  Jan. 23, 2019) (granting summary judgment as to UCL claim based on alleged false statements

23  made in legal pleadings to collect debt because plaintiff did not lose any money or property);

24  *Frank v. Autovest, LLC*, 961 F.3d 1185, 1187-90 (D.C. Cir. 2020) (plaintiff lacked Article III

25  standing to assert FDCPA claims based on alleged false statements in state court pleadings because

26  plaintiff could not identify a concrete injury traceable to the alleged false statements).As reflected

27  in the list submitted by Defendants (Doc. No. 122 at Ex. 1), the standing issue has the potential to

28  prevent a significant number of class members from obtaining any relief

Page 12

### 2.    Risk, Expense, Complexity and Likely Duration of Further Litigation

The parties were preparing to move for summary judgment at the time the settlement was reached.  If Defendants prevailed on their motion, Class Members would have received nothing.  Even if the claims survived summary judgment, the risk in going to trial is that Defendants will prevail on their affirmative defenses.  Defendants have asserted a number of defenses, for example "bona fide error," standing, and others, that may eliminate or reduced Plaintiff's or the class recovery, if accepted by the jury.  Moreover, even if Plaintiff and the Class prevailed, Class Members would still need to show that they incurred a "consumer debt" to be eligible for relief.  *See* Doc. No. 103 at ECF p. 20:10-12 ("Determining the nature of each class member's debt will be necessary at some stage of litigation but is not inherently a barrier to class certification.").  Furthermore, Defendants could appeal an adverse judgment, including the order granting class certification, which, at a minimum would substantially delay payment to the Class Members.

### 3.    Risk of Maintaining Class Status throughout the Trial

Plaintiff believes the risk of losing class status throughout the trial is low.  Defendants believe the risk that the classes would need to be decertified before trial is high, especially in light of the Ninth Circuit's recent decision in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods, LLC*, 993 F.3d 774 (9th Cir.  2021).  In *Bumble Bee*, the Ninth Circuit held that the district court abused its discretion by certifying a Rule 23(b)(3) class where as much as 28% of the class was uninjured.  *Id*. at 792-93.  Here, given the number of class members from whom no money was collected, Defendants intended to seek decertification under *Bumble Bee*.  Moreover, the U.S. Supreme Court will soon decide in *TransUnion LLC v. Ramirez*, No. 20-297 whether a damages class is permissible under Rule 23 when a significant percentage of members suffered no actual injury.[3]  The Supreme Court's decision may further negatively impact the ability of Class Members to obtain relief in this case.

In addition, Defendants filed a petition with the Ninth Circuit requesting permission to appeal the class certification order.  Although the Ninth Circuit denied this request, Defendants

---

[s] A link with information about the case is here: scotusblog.com/case-files/cases/transunion-llc-v-ramirez.  The Court heard oral argument on March 30, 2021.

could raise the issue again after trial.  At a minimum, this would cause substantial delay in providing money and benefits to the Class.

### 4.    Amount Offered in Settlement

As discussed above, Class Members who return valid claim forms stating that the financial obligation underlying their judgment is a "consumer debt" will recover 100 percent of the amount collected by Defendants through the practice that Plaintiff challenges in this lawsuit, plus interest.  This represents a full recovery for eligible Class Members. The $50,000.00 negotiated sum is a fair class statutory damages award in this case, as discussed above. Moreover, Class Members will have costs waived, and Defendants will abandon any collection of "Closed" accounts regardless of whether they submit a Claim Form.

### 5.    Extent of Discovery Completed and the Stage of the Proceedings

Plaintiff propounded 22 Interrogatories, 11 Requests for Admission and 24 Document production requests to LVNV.  Kennedy Decl. ¶ 3.  Plaintiff propounded 9 Interrogatories, 17 Requests for Admission and 9 document production requests to Harris & Zide.  *Id.*  Defendants have produced at least 325 pages of documents.  *Id.*

Plaintiff responded to 20 Interrogatories, 22 Requests for Admission and 40 Document production requests propounded by LVNV and 5 interrogatories propounded by Harris & Zide. Kennedy Decl. ¶ 4.   Plaintiff Sonya Norton was deposed. Accordingly, the extent of discovery and the stage of the proceedings at the time of settlement indicates the parties were well informed of the strengths and weaknesses of their respective cases, and the potential recovery for the class. This factor weighs in favor of preliminary approval.

### 6.    Experience and Views of Counsel

Class Counsel believe this settlement is in the best interest of the class largely because it provides full reimbursement of collected amounts, plus interest.  Kennedy Decl. 2.

### 7.    Presence of a Governmental Participant

This factor is inapplicable, as there is no government participant.

Page 14

1

         **8.**     **Reaction of Class Members to the Proposed Settlement**

2

     The Class has not yet been notified of the settlement; therefore, it is too early to evaluate

3

the Class' reaction to the settlement.

4

5

     **C.  The Settlement Does Not Improperly Grant Preferential Treatment**

6

     The amount reimbursed to each Class Member who returns a timely Claim Form stating

7

that their judgment arose from a "consumer debt" will depend on the amount collected from them.

8

Thus, although some Class Members will receive more than others, this is not improper, because

9

any variance is based on the amount collected.  The $50,000.00 statutory damages will be

10

distributed *pro rata* among those who submit a timely Claim Form stating that their judgment

11

arose from a "consumer debt".  All Class Members will, at a minimum, have collection costs

12

waived.  While the additional benefit with respect to "Closed" accounts only affects those whose

13

accounts Defendants have closed, this is not improper since these accounts had been closed for

14

reasons unrelated to the settlement.

15

     Although Plaintiff will apply for an enhancement award of $7,000, the Ninth Circuit has

16

recognized that such awards to named plaintiffs in a class action are permissible and do not render

17

a settlement unfair or unreasonable. *See*, *e.g.*, *Stanton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir.

18

2003); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-69 (9th Cir. 2009).  Defendants dispute

19

that Plaintiff is entitled to an incentive award of more than $2,000 and reserve the right to

20

challenge Plaintiff's application the appropriate time.  However, the parties agree that an award of

21

up to $7,000 to Plaintiff, if approved, is not a basis to deny preliminary approval.

22

**VI.   THE PROPOSED CLASS NOTICE, CLAIM FORM AND NOTIFICATION**

23

       **PROCEDURES ARE APPROPRIATE**

24

     Attached to the Settlement Agreement as Exhibit 1, is the proposed Class Notice, including

25

the design for the Class Notice mailing envelope.  The planned Class Notice clearly explains the

26

settlement benefits, the Class Members' right to object or to exclude themselves, and instructions

27

as to how to submit a Claim Form, which is attached to the Settlement Agreement as Exhibit 2.

28

The Claim Form is also clear and easy to understand.  In response to comments made by the Court

Page 15

at the first hearing, both the Class Notice and the Claim Form have been revised from the forms presented in the original motion as described in Section IV. A.  The envelope in which the Claim Form will be sent is also easy to understand.  Declaration of Julie Green, Exhibit 1.

The procedures for dissemination of the Class Notice and Claim Form are set out in the Settlement Agreement, paragraph 5.05:

(1) within fifteen (15) days of Preliminary Approval, Defendants shall provide a list of all potential Class Members to the Class Administrator, along with each potential Class Member's last known address, last known telephone number, last known email address, and the last four digits of each Class Member's social security number.  The list shall identify which potential Class Members are also potential Subclass Members.

(2) The Class Administrator shall take the following steps to locate updated information regarding potential Class Members:

i.    Before mailing the Class Notice, the Settlement Administrator shall check the addresses provided by Defendant against the National  Change  of Address  registry.  The Class Administrator may also perform a skip trace using the Accurint database to determine the most up to-date addresses of Class Members before mailing.

ii.   If any Class Notices are returned with a forwarding address, the Settlement Administrator will re-mail the Notice of Settlement and Claim  Form  to  the  Class Member and the forwarding address.

iii.  If, prior to the final date for any Class Member  to  opt-out,  any  Notice  of  Settlement is returned  as  having  been  undelivered  by  the  U.S. Postal  Service,  the  Settlement Administrator  shall perform  a  skip trace using a database other than Accurint  and send  a  Redirected  Class Notice to the new or different address within seven  (7) days.

Page 16

1
2
3
4
5
6
7

> The Settlement Administrator shall use any contact information provided by Defendants to assist in the skip trace process. However, if a determination is made in good faith by the Class Administrator that it is not possible to further update any particular Class Member's address in sufficient time to mail the Class Notice at least five (5) Days before the Class Notice Response Deadline, then the Class Administrator need make no further efforts to provide further notice to such Class Member.

8
9
10
11
12
13

(3) the Class Notice shall be sent by the Class Administrator by first-class U.S. Mail to Class Members within sixty (60) days of the date of Preliminary Approval. Not later than seven (7) days before the deadline to file a motion for Final Approval, the Class Administrator will provide Counsel identifying the number of Class Notices that were returned and the efforts made to locate those Class Members.

14
15
16
17
18

CPT Group, Inc. agreed to accept a fee of $15,000 for all class administration services, though it is possible this amount will be adjusted somewhat in light of the modifications to the Class Notice, which will now contain individualized information specific to each class member. The administrative costs will be paid by Defendants. Settlement Agreement ¶ 5.01. Plaintiff sought no other proposals from other class action administrators. Kennedy Decl. ¶ 8.

19
20
21
22
23
24
25

CPT Group Inc. estimates that the percentage of class members who are expected to submit a Claim Form, based on other recent settlements of similar cases, is 5-10%. Declaration of Julie Green ¶ 5. The examples used for the estimate are *Macias, et al. v. DTLA Management LLC, et al.,* Los Angeles Superior Court Case No. BC 522339, and *Davis v. RAM Partners, LLC,* Case No. 1:19-cv-00349 (M.D.N.C.) and the reason for the selection those examples is that the alleged complaints and the methods of notice were similar. *Id.*

26
27
28

1

**VII.    PLAINTIFF'S PROPOSED CY PRES RECIPIENT IS APPROPRIATE**

2

Plaintiff's proposed *cy pres* recipient is related to the subject matter of the lawsuit.  The

3

Katherine and George Alexander Law Center in San Jose, Santa Clara County, California

4

(http://law.scu.edu/kgaclc/consumer-law/) maintains a weekly advice clinic for low income

5

individuals dealing with consumer and debt issues, and provides representation as well. Maurer

6

Declaration ¶ 4-5.

7

8

**VIII.   PROPOSED TIMELINE**

9

10

| Date | Event |
|------|-------|
| 60 days after preliminary approval order | Class Notice and Claim Form mailing deadline |
| 75 days after mailing of Class Notice and Claim Form | Deadline to submit Claim Form, deadline for opt-outs |
| 49 days before Final Approval Hearing | Deadline to file motion for attorney's fees, costs, and incentive award |
| 35 days before Final Approval Hearing | Deadline to file motion for final approval of class settlement |
| 14 days before Final Approval Hearing | Deadline for objections |
|  | Hearing on Motion for Final Approval of Class Settlement<br>Hearing on and Plaintiff's application for a class representative service award, attorneys' fees and costs. |

11

12

13

14

15

16

17

18

19

20

**IX.    CAFA NOTICE AND SUBSTANTIVE COMPLIANCE**

21

Under the Class Action Fairness Act ("CAFA"), notice of settlement to appropriate

22

government officials is required.  28 U.S.C. § 1715(b).  Pursuant to the Settlement Agreement, the

23

Administrator is responsible for providing the required CAFA notices. Settlement Agreement ¶

24

10.14.  Plaintiff will work with Defendants to ensure that the CAFA notices required by 28 U.S.C.

25

§ 1715 (b) are distributed within ten days of the filing of this motion.

26

This settlement complies substantively with CAFA.  It is not a coupon settlement.  28

27

U.S.C. § 1712.  It does not result in a net loss to the Class Members.  28 U.S.C. § 1713.  It does not

28

1  give greater sums to some Class Members than others based solely on geographic proximity to the

2  court.  28 U.S.C. § 1714.

3

4  **X.    CONCLUSION**

5         The proposed settlement is the product of serious, informed, non-collusive negotiations;

6  has no obvious deficiencies; does not improperly grant preferential treatment to the class

7  representative or segments of the class; and falls within the range of possible approval.  For these

8  reasons, Plaintiff respectfully requests that the Court enter an order: (1) preliminarily approving

9  the proposed settlement of this class action; (2) approving the Class Notice (Exhibit 1 to the

10  Settlement Agreement), the Claim Form (Exhibit 2 to the Settlement Agreement) and manner of

11  notice to the class; and (3) scheduling a final approval hearing date approximately six months from

12  an order granting preliminary approval of the class settlement to consider Plaintiff's motion for

13  final approval of the proposed settlement and entry of judgment, and Plaintiff's application for an

14  incentive award, attorneys' fees and costs.

15

16  Respectfully submitted,

17  DATED:  May 28, 2021              CONSUMER LAW OFFICES OF WILLIAM E. KENNEDY
18                                    HOUSING AND ECONOMIC RIGHTS ADVOCATES

19                                       __/s/_____
20                                       William E. Kennedy

21                                       __/s/_____
22                                       Gina DiGiusto

23                                       Attorneys for Sonya Norton and the Class and Subclass

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

2          PLEASE TAKE NOTICE that on July 8, 2021 at 1:00 p.m. in Courtroom 4,

3   located on the 3rd Floor of the above referenced Court, at 1301 Clay Street, Oakland, California

4   94612, the Honorable Donna M. Ryu presiding, plaintiff Sonya Norton will, and hereby does, move

5   the Court for an Order (1) preliminarily approving the proposed settlement of this class action; (2)

6   approving the Class Notice (Exhibit 1 to the Settlement Agreement), the Claim Form (Exhibit 2 to the

7   Settlement Agreement), and method for providing notice to the class; and (3) scheduling a final

8   approval hearing date to consider Plaintiff's motion for final approval of the settlement and entry of

9   judgment, and Plaintiff's application for a service award, attorneys' fees and costs.

10          This Motion is based on this Notice; the accompanying Points and Authorities; the

11  Declarations of William E. Kennedy, Gina DiGiusto, Sonya Norton; Scott Mauer, and Julie Green (of

12  proposed Class Administrator CPT Group, Inc.), the Settlement Agreement between the parties,

13  attached as Exhibit 1 to the Declaration of William E. Kennedy, filed herewith and the exhibits

14  attached thereto; the complete files and records in this action; such evidence as may be presented at the

15  hearing; and such other matters as the Court may take notice.

16          A motion for preliminary approval of the class settlement was originally filed on March 11,

17  2021 and heard on April 22, 2021.  Following the oral arguments, Plaintiff withdrew the motion and

18  entered into negotiations with Defendants to address certain issues raised by the Court at oral

19  argument.  Plaintiff now refiles the motion for approval of a revised settlement.

20

21  DATED:  May 28, 2021                    CONSUMER LAW OFFICES OF WILLIAM E. KENNEDY
                                            HOUSING AND ECONOMIC RIGHTS ADVOCATES
22

23                                          ___/s/_____

24                                          William E. Kennedy

25                                          ___/s/_____
                                            Gina di Giusto
26

27                                          Attorneys for Sonya Norton and the Class and Subclass

28

Page 2

# **TABLE OF CONTENTS**

I.   INTRODUCTION..................................................................................................1

II.  STATEMENT OF ISSUES TO BE DECIDED........................................................2

III. CASE SUMMARY ..............................................................................................2

IV. OVERVIEW OF SETTLEMENT TERMS ............................................................4

   A.   Modifications to the Original Settlement Terms ............................................4

   B.   Description of Settlement Terms ..................................................................4

      1.   Full Refund Plus Interest on Claims Made Basis ......................................5

      2.   $50,000.00 Distributed *Pro Rata* to Subclass Members on Claims Made Basis......................6

      3.   Agreement Not to Collect Costs With No Claim Form Required ............................6

      4.   Agreement Not to Collect or Transfer on "Closed" Files With No Claim Form Requirement.7

      5.   Incentive Award............................................................................................7

      6.   Attorney's Fees Paid Separately From Class Relief ......................................7

      7.   Cy Pres ........................................................................................................8

V.  THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY APPROVAL ............8

   A.   The Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations..................8

   B.   The Settlement has No "Obvious Deficiencies" and Falls within the Range of Possible Approval .........................9

      1.   Strength of Plaintiff's Case........................................................................11

      2.   Risk, Expense, Complexity and Likely Duration of Further Litigation ................13

      3.   Risk of Maintaining Class Status throughout the Trial....................................13

      4.   Amount Offered in Settlement....................................................................14

      5.   Extent of Discovery Completed and the Stage of the Proceedings ........................14

      6.   Experience and Views of Counsel ..............................................................14

      7.   Presence of a Governmental Participant ....................................................14

      8.   Reaction of Class Members to the Proposed Settlement ........................................15

   C.   The Settlement Does Not Improperly Grant Preferential Treatment......................................15

NOTICE OF MOTION AND MOTION FOR PRELIM. APPROVAL OF SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES
CASE No. 4:18-CV-05051 DMR

VI.  THE PROPOSED CLASS NOTICE, CLAIM FORM AND NOTIFICATION PROCEDURES ARE APPROPRIATE ........................................................................................15

VII. PLAINTIFF'S PROPOSED CY PRES RECIPIENT IS APPROPRIATE.....................................18

VIII.     PROPOSED TIMELINE..................................................................................................18

IX.  CAFA NOTICE AND SUBSTANTIVE COMPLIANCE ............................................18

X.   CONCLUSION ................................................................................................................19

1

**TABLE OF AUTHORITIES**

2

3
<u>Cases</u>

4
*Angell v. City of Oakland*, 2015 U.S. Dist. LEXIS 1037, 2015 WL 65501 (N.D. Cal. Jan. 5, 2015) ...... 9

5
*Churchill Village v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ................................................................ 13

6
*Davis v. RAM Partners, LLC,* Case No. 1:19-cv-00349 (M.D.N.C.) ......................................................... 19

7
*Frank v. Autovest, LLC*, 961 F.3d 1185 (D.C. Cir. 2020) ........................................................................ 14

8
*Harper v. Law Office of Harris & Zide LLP,* 15-cv-01114-HSG, 2016 U.S. Dist. LEXIS 59417, at *21

9
   (N.D. Cal. May 4, 2016) ..................................................................................................................... 12

10
*Harris v. Vector Mktg. Corp.*, 2011 U.S. Dist. LEXIS 48878, 2011 WL 1627973 (N.D. Cal. Apr. 29,

11
   2011) .................................................................................................................................................... 9

12
*In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1059 (N.D. Cal. 2007) ................................................ 10

13
*Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352 (1974) .............................................................................. 13

14
*La Caria v. Northstar Location Servs.*, 2:18-cv-00317-GMN-DJA, 2021 U.S. Dist. LEXIS 4662 (D.

15
   Nev. Jan. 11, 2021) ............................................................................................................................. 10

16
*Lowe v. Maxwell & Morgan, PC*, 322 F.R.D. 393 (D. Ariz. 2017) ........................................................... 6

17
*Macias, et al. v. DTLA Management LLC, et al.,* Los Angeles Superior Court Case No. BC 522339 .. 19

18
*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ................... 11

19
*Peterson v. Cruickshank*, 144 Cal.App.2d 148 (1956) ........................................................................... 13

20
*Popa v. Winn Law Group*, APC, CV 17-6804 DSF (RAOx), 2019 WL 289832, (C.D. Cal. Jan. 23,

21
   2019) ................................................................................................................................................... 14

22
*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ................................................................. 17

23
*Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) ................................................................................. 12

24
*Satchell v. Fed. Exp. Corp.*, 2007 U.S. Dist. LEXIS 99066, 2007 WL 1114010 (N.D. Cal. Apr. 13,

25
   2007) ................................................................................................................................................... 10

26
*Slenk v. Transworld, Sys., Inc.*, 236 F.3d 1072 (9th Cir. 2001) ............................................................... 6

27
*Stanton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ............................................................................. 17

28
*Thio v. Genji*, LLC, 14 F. Supp. 3d 1324 (N.D. Cal. 2014) ................................................................... 12

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004)...........................................................................6

**Statutes**

15 U.S.C. § 1692 ............................................................................................................................2

15 U.S.C. § 1692a(5)..................................................................................................................5, 12

15 U.S.C. § 1692k(a) ....................................................................................................................10

15 U.S.C. § 1692k(a)(B)................................................................................................................6

15 U.S.C. § 1692k(b)(2)...............................................................................................................10

15 U.S.C. § 1692k(c) ....................................................................................................................12

15 U.S.C. § 1692k(d) ......................................................................................................................4

28 U.S.C. § 1714 ..........................................................................................................................19

28 U.S.C. § 1715(b) .....................................................................................................................18

California Business and Professions Code § 17200 ........................................................................2

California Business and Professions Code § 17208 ........................................................................3

California Civil Code § 1788 .........................................................................................................2

California Civil Code § 1788.18(e) ..............................................................................................12

California Civil Code § 1788.2(e) ..................................................................................................5

California Civil Code § 1788.2(f) .................................................................................................12

California Civil Code § 1788.30(f) .................................................................................................4

California Code of Civil Procedure § 673 ...............................................................................2, 5, 9

**Rules**

Federal Rule of Civil Procedure 12(b)(6)......................................................................................2

Federal Rule of Civil Procedure 23(e)...........................................................................................8

1   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2   **I.    INTRODUCTION**

3          Plaintiff Sonya Norton ("Plaintiff") seeks an order: (1) preliminarily approving the

4   proposed settlement of this class action with Defendants LVNV Funding, LLC ("LVNV") and

5   Law Office of Harris & Zide ("H&Z") (collectively, "Defendants"); (2) approving the form and

6   manner of notice to the class of the settlement; and (3) scheduling a final approval hearing date to

7   consider Plaintiff's motion for final approval of the proposed settlement and entry of judgment,

8   and Plaintiff's application for a class representative service award, attorneys' fees and costs.

9          After extensive discovery and motion practice, and following two mediation sessions and

10  continued settlement negotiations thereafter with the assistance of a mediator, and after further

11  settlement negotiations which took into consideration the observations made by the Court at the

12  first hearing on preliminary approval, Plaintiff and Defendants have reached a full and final

13  settlement, embodied in the Settlement Agreement, Exhibit 1 to the Declaration of William E.

14  Kennedy ("Kennedy Decl."), filed herewith.

15         As consideration for the settlement, Defendants have agreed to refund 100 percent of all

16  amounts collected by judicial action during the class period, plus 7 percent interest, to individuals

17  who submit a Claim Form stating that the financial obligation underlying the judgment entered

18  against them and in favor of non-party Arrow Financial Services, Inc. ("Arrow") was consumer

19  debt.  Subclass members who submit such a Claim Form shall also receive a *pro rata* portion of

20  $50,000.00.  In addition, Defendants have agreed not to collect any costs incurred in connection

21  with attempting to enforce the judgments for accounts categorized in their system as "Open."

22  Finally, Defendants have agreed to cease collection of any kind on the majority of the judgments,

23  which they have categorized as "Closed," and have further promised not to transfer such

24  judgments to other entities.

25         The settlement is fair, reasonable and adequate, and should be preliminarily approved.

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIM. APPROVAL OF SETTLEMENT; MEMO. OF POINTS AND
AUTHORITIES                                              Case No. 4:18-cv-05051 DMR

1    **II.    STATEMENT OF ISSUES TO BE DECIDED**

2        Whether the Court should preliminarily approve the Parties' settlement, approve the

3    form and manner of class-wide notice of settlement; and schedule a final approval hearing to

4    consider Plaintiff's motion for final approval of the proposed settlement and entry of

5    judgment, and Plaintiff's application for a service award, attorneys' fees and costs.

6

7    **III.    CASE SUMMARY**

8        On August 17, 2018, Plaintiff Sonya Norton filed her original Class Action Complaint.

9    Docket No. 1. The lawsuit asserted class-wide violations of the federal Fair Debt Collection

10   Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*; the Rosenthal Fair Debt Collection Practices

11   Act, ("Rosenthal Act") California Civil Code § 1788 *et seq.*, and the Unfair Competition Law,

12   California Business and Professions Code § 17200 *et seq. Id.* at 9-12.  Plaintiff alleged that

13   Defendants violated these statutes by collecting California court judgments assigned to LVNV using

14   judicial action (*e.g.,* wage garnishment and bank levy) without establishing LVNV as assignee of

15   record under California Code of Civil Procedure § 673. *Id.* 1-2.  Plaintiff filed a First Amended

16   Complaint on August 27, 2018.  Docket No. 5.

17

18

19       Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on

20   October 12, 2018.  Docket No. 12.  The motion was granted in part and denied in part. Docket No.

21   30.  Plaintiff filed a Second Amended Class Action Complaint on March 18, 2019. Docket No. 33.

22   Defendants filed a second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

23   on April 15, 2019. Docket No. 37.  On August 28, 2019, the Court issued an Order granting in part

24   and denying in part the motion. Docket No. 47.  Plaintiff filed a Third Amended Complaint on

25   September 19, 2019. Docket No. 48.  Defendants filed Answers to the Third Amended Complaint

26   on September 26, 2019. Docket Nos. 50, 51.

27

28

Page 2

1

2

On March 4, 2020, Defendant LVNV filed a motion to Amend its Answer to the Third Amended Complaint to add setoff as an affirmative defense.  Docket No. 82. On May 19, 2020, the Court granted the motion. Docket No. 92.  LVNV filed an Amended Answer to the Third Amended Complaint on June 10, 2020. Docket No. 93.

3

4

5

6

On October 6, 2020, the Court granted Plaintiff's motion for class certification, appointed William E. Kennedy of the Consumer Law Office of William E. Kennedy, and Natalie Lyons of Housing and Economic Rights Advocates as Class Counsel, and appointed Plaintiff as Class Representative. Docket No. 103.

7

8

9

10

The definition of the certified Class[1] is as follows:  All California residents who meet the following conditions:

11

12

13

14

15

16

17

18

1)      LVNV Funding, LLC, represented by Law Office of Harris & Zide, took judicial action (including obtaining Writs of Execution, wage garnishment, and bank levy) after August 17, 2014 (four years prior to the filing of this action) to collect a judgment based on a consumer debt obtained in a California court;
2)      Arrow Financial Services, LLC was the plaintiff of record at the time the judgment was entered; and
3)      LVNV Funding, LLC did not file an Assignment of Judgment in conformity with California Code of Civil Procedure § 673 or otherwise become the assignee of record.

19

20

Docket No. 103, 4:8-14.

21

22

23

The four-year class period (dating back from the August 17, 2018 filing date of the original Complaint) corresponds to the four-year statute of limitations of the Unfair Competition Law, California Business and Professions Code § 17208.

24

25

26

The Court also certified a Subclass, which is defined the same as the Class, except that "August 17, 2017" is substituted for "August 17, 2014."  The one-year class period for the Subclass

27

28

_____

[1] The Settlement Agreement does not amend the definition of the Class or Subclass. Settlement Agreement ¶ 1.07, 1.45.

Page 3

corresponds to the one-year statute of limitations applicable to the FDCPA and the Rosenthal Act. 15 U.S.C. § 1692k(d); California Civil Code § 1788.30(f).

On December 15, 2020, the Ninth Circuit Court of Appeals denied Defendants' Petition for Permission to Appeal the order granting class certification. Docket No. 113.

On December 17, 2020, the parties reached a settlement in principle. The Settlement Agreement is finalized, and is attached as Exhibit 1 to the Declaration of William Kennedy filed in support of this motion.

## IV.   OVERVIEW OF SETTLEMENT TERMS

### A.  Modifications to the Original Settlement Terms

Following the April 22, 2021 hearing on the original motion for preliminary approval of class settlement (Docket No. 118) the parties renegotiated certain terms of the settlement in response to the Court's comments during oral argument. The settlement has been revised in the following matter:

1. The Class Notice advises Class Members if they are also a member of the Subclass.
2. The Class Notice informs Class Members of the dollar amount that was collected from them.
3. The Claim Form sets out the contact information for Class Counsel William E. Kennedy, as well as the Class Administrator's contact information.
4. The Claim Form now explains to class members what will happen if they check "Yes," "No," or "I don't know."
5. The response period for claims has been extended from 45 to 75 days.
6. The Subclass fund is increased from $25,000.00 to $50,000.00. The maximum amount of attorney's fees and costs is reduced from $266,426.58 to $241,426.58.

### B.  Description of Settlement Terms

Under the revised settlement, the following relief will be provided by the settlement.

Page 4

1

### 1.     Full Refund Plus Interest on Claims Made Basis

2

As indicated by the class definition, the Class consists of individuals who reside in

3  California, had judgment entered against them in favor of Arrow, and whose judgments were later

4  assigned to LVNV.  Thereafter, LVNV retained H&Z, which sought to enforce the judgments on

5  behalf of LVNV through judicial actions such as wage garnishment and bank levy without first

6  filing an Assignment of Judgment in conformity with California Code of Civil Procedure §673 or

7  taking other action that established LVNV as the assignee of record.  A central component of the

8  class relief is that all Class Members who submit a timely Claim Form stating under penalty of

9  perjury that the financial obligation they were originally sued for by Arrow was based on

10  "consumer debt" (*i.e.*, a debt incurred primarily for personal, family or household use) will be

11  refunded 100% of the money collected by judicial means, plus 7% interest, calculated from the

12  date of collection. Settlement Agreement ¶ 4.03.

13

The Claim Form is attached as Exhibit 2 to the Settlement Agreement.  Class Members will

14  also be able to fill in and submit the Claim Form online or by email.  Settlement Agreement ¶ 5.03.

15  The use of a Claim Form is appropriate in this case, because the FDCPA and the Rosenthal Act

16  only apply to consumer debt, and because the class as certified by the Court only includes persons

17  who incurred consumer debts.[2]  The Acts do not apply, for example to debts incurred for business

18  purposes.

19

Indeed, Defendants argued on class certification that Plaintiff had failed to satisfy Rule 23,

20  because there was no evidence that any class members incurred "consumer debts," and Plaintiff

21  had failed to point to any method for determining this essential element without a series of mini-

22  trials about the circumstances of each class member's unpaid obligation.  *See* Doc. No. 86 at ECF

23  pp. 11:12-18, 16:1-21:5, 28:3-32:2; *see also Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir.

24  2004) (proving the existence of a debt under the FDCPA is a "threshold" issue in every case);

25  *Slenk v. Transworld, Sys., Inc*., 236 F.3d 1072, 1076 (9th Cir. 2001) (to determine whether

26  obligation qualifies as a "debt" the fact-finder must "look to the substance of the transaction and

27

28

[2] 15 U.S.C. § 1692a(5) (FDCPA); California Civil Code § 1788.2(e) (Rosenthal Act)

the borrower's purpose in obtaining the loan"); *Burton v. Kohn Law Firm, S.C.*, 934 F.3d 572, 584 (7th Cir. 2019) ("Determining the purpose for which a debt was incurred is necessarily a fact-based, case-specific inquiry."); *Lowe v. Maxwell & Morgan, PC*, 322 F.R.D. 393, 402 (D. Ariz. 2017) (denying motion to certify FDCPA class; determining whether obligations of putative class are "debts" requires "case-by-case evaluation of the transaction as a whole in order to determine whether it 'was primarily consumer or commercial in nature.'").

The Court found that "[d]etermining the nature of each class member's debt will be necessary at some stage of litigation but is not inherently a barrier to class certification." Doc. No. 103 at ECF p. 20:10-12. The Court observed that a "notice and claims process" could be used to identify whether the debts of class members qualified as a "consumer debts." *Id*. at ECF p. 21:3-13 & n. 11. That "notice and claims" process referenced by the Court is the exact method the parties are now proposing be used as part of the settlement.

### 2.    $50,000.00 Distributed *Pro Rata* to Subclass Members on Claims Made Basis

With respect to Subclass Members, an amount of $50,000.00 shall be distributed *pro rata* to each Subclass member who submits a timely Claim Form stating under penalty of perjury that the financial obligation they were originally sued for by Arrow was "consumer debt." The $50,000.00 represents the amount negotiated by the parties for payment of statutory damages under the FDCPA. 15 U.S.C. § 1692k(a)(B).

### 3.    Agreement Not to Collect Costs With No Claim Form Required

For all Class Members whose judgments are classified in Defendants' systems as "Open Accounts," Defendants will delete all court costs (and interest accrued on court costs) incurred with respect to the judgments from their system and will cause all efforts to collect those amounts to cease. Defendants shall not sell or transfer the right to collect such court costs or interest on court costs to other entities. Court costs include, but are not limited to, Writ of Execution fees and Levying Officer Fees. Settlement Agreement ¶ 4.04. This relief will apply to all Class Members,

Page 6

regardless of whether they submit a Claim Form. *Id.* Defendants represent that the accounts of 112 of the Class Members were categorized as "Open" as of January 20, 2021. *Id.*

### 4.   Agreement Not to Collect or Transfer on "Closed" Files With No Claim Form Requirement

For all Class Members whose judgments are classified in Defendants' system as "Closed Accounts," Defendants will make no further efforts to collect the balances owed pursuant to those judgments, and LVNV (the owner of the judgments), will not sell or transfer those judgments. Settlement Agreement ¶ 4.04. Defendants represent that the accounts of 342 of the Class Members are Closed Accounts as of January 20, 2021. The Class Notice shall state that Class Members may contact the Class Administrator to find out if their judgment is a "Closed Account." This relief will apply to all Class Members, regardless of whether they submit a Claim Form.

### 5.   Incentive Award

Under the Settlement Agreement, Plaintiff will apply to the Court for an incentive award of $7,000.00 for Class Representative Sonya Norton. Settlement Agreement ¶ 6.01. Defendants agreed not to oppose the application if it does not exceed $2,000, and thus reserve the right to oppose the application. *Id.* The grounds for the request are that Ms. Norton provided valuable service to the class, including preparing for deposition, appearing for deposition, and attending two mediations (one by zoom). Norton Decl. ¶ 3-6.

### 6.   Attorney's Fees Paid Separately From Class Relief

Under the Settlement Agreement, Class Counsel shall together make an application to the Court for an award of attorney's fees, expenses, and costs not to exceed $241,426.58 ($239,373 in attorney's fees and $2,053.58 in costs). Settlement Agreement ¶ 7.01. Defendants shall not oppose any application by Plaintiff's Counsel for attorney's fees and costs, up to these amounts. *Id.* The award for attorneys' fees, costs and expenses shall be paid separate from, and in addition to, the

Page 7

payments to the Class Members and Class Representative, and shall not reduce the amounts of those payments. *Id.*

### 7.  Cy Pres

To the extent that any of the checks mailed to Class Members are not cashed within 90 days, the undistributed funds shall be donated to the Katherine and George Alexander Law Center in San Jose, California as *cy pres*, upon court approval.  Settlement Agreement § 5.20.

## V.  THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY APPROVAL

Under Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The settlement must be "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2008).

If the proposed settlement "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval," then the court may preliminarily approve the settlement and direct that the class members be given notice of a formal fairness hearing.  *Angell v. City of Oakland*, 2015 U.S. Dist. LEXIS 1037, 2015 WL 65501, at *7 (N.D. Cal. Jan. 5, 2015) (quoting *Harris v. Vector Mktg. Corp.*, 2011 U.S. Dist. LEXIS 48878, *23, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011)).  The proposed settlement meets these requirements.

### A.  The Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations

As noted above, this settlement comes after substantial litigation, including two motions to dismiss, a motion to amend the Answer, a motion for class certification, and extensive discovery. The parties also participated in two mediation sessions. The first was held on February 12, 2020 with mediator Peter Borkon, Esq. Docket No. 73.  The second was held on November 13, 2020 with mediator Celia McGuinness, Esq.  Kennedy Decl. ¶ 4. No settlement was reached on the

Page 8

mediation date, but negotiations continued for another month, with the assistance of Celia McGuinness, Esq., until a settlement in principle was reached on December 17, 2020, which was memorialized in a term sheet. *Id.* Additional negotiations between the parties occurred thereafter, as the parties exchanged competing versions of the Settlement Agreement, Class Notice, and Claim Form. *Id.*

"The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Exp. Corp.*, 2007 U.S. Dist. LEXIS 99066, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007). As a result of the hard-fought litigation, the parties came to the negotiating table with extensive knowledge of the strengths and weaknesses of their positions, and the settlement reflects this.

### B. The Settlement has No "Obvious Deficiencies" and Falls within the Range of Possible Approval

To evaluate the adequacy of a proposed settlement, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1059, 1080 (N.D. Cal. 2007).

The fundamental wrong alleged by Plaintiff in this lawsuit was Defendants' practice of using judicial processes such as wage garnishment and bank levy to collect judgments, without having first established itself as the "assignee of record" pursuant to California Code of Civil Procedure § 673. Under this settlement, Class Members who submit a timely Claim Form stating their judgment arose from a "consumer debt" will receive 100 percent of the amount collected by this practice, plus 7 percent interest. Thus, the settlement provides a **_full recovery_** for eligible Class Members without having to wait for the conclusion of a lengthy trial and appeal process. *See La Caria v. Northstar Location Servs.*, 2:18-cv-00317-GMN-DJA, 2021 U.S. Dist. LEXIS 4662 (D. Nev. Jan. 11, 2021) ("Because the settlement eliminates this lengthy process and further litigation may not improve the outcome, the Court finds the first two factors weigh in favor of granting preliminary approval"); *see also Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("In most situations, unless the settlement is clearly in adequate,

Page 9

its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results.").

In addition, Subclass Members who submit a timely Claim Form stating their judgment arose from a "consumer debt" will also share *pro rata* the $50,000.00, which represents the negotiated amount for statutory damages under the FDCPA. 15 U.S.C. § 1692k(a) provides:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;

Thus, an award of statutory damages is discretionary, not mandatory ("the court may allow"). The factors which courts are to consider when determining the amount of any statutory damages are set out at 15 U.S.C. § 1692k(b)(2):

> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors -- . . . (2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

Further, the maximum amount of statutory damages recoverable in a class action is limited to the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector. *See Harper v. Law Office of Harris & Zide LLP,* 15-cv-01114-HSG, 2016 U.S. Dist. LEXIS 59417, at *21 (N.D. Cal. May 4, 2016) (granting motion for preliminary approval of FDCPA/Rosenthal Act class settlement where class would receive $11,670 due to net worth of defendant). Net worth has been defined by some courts as assets minus liabilities. *Sanders v. Jackson*, 209 F.3d 998, 1000 (7th

1    Cir. 2000). Defendants contend that only H&Z's net worth is at issue in this case, because it was

2    H&Z, not LVNV, that sought to enforce the judgments against class members. Defendants also

3    dispute that LVNV qualifies as a "debt collector" under the FDCPA. Plaintiff has filed financial

4    documents under seal to allow the Court to evaluate the "net worth" limitation on the statutory

5    damages, so as to allow the Court to evaluate the strength of this aspect of the settlement. Doc.

6    Nos. 123, 131. The parties believe the damages number is fair, given the net worth of Defendants.

7          As noted above, Defendants will not collect costs from Class Members with Open

8    Accounts, and will cease all collection attempts from Class Members with Closed Accounts.

9    Class Members are not required to submit a Claim Form to receive this benefit.

10         The "Released Claims" as defined in the Settlement Agreement are limited to claims, *etc.*

11   "that were raised or that could have been raised based upon the facts set forth in the Action",

12   Settlement Agreement ¶¶ 1.40, 8.01. *See Thio v. Genji*, LLC, 14 F. Supp. 3d 1324, 1334 (N.D. Cal.

13   2014) (no obvious deficiencies in settlement where the claims released are limited to those based

14   upon the facts set forth in the complaint).

15         In evaluating whether the settlement falls within the range of possible approval, the Court

16   may consider the factors that ultimately will determine final approval: (1) the strength of the

17   plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the

18   risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5)

19   the extent of discovery completed and the stage of the proceedings; (6) the experience and views

20   of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to

21   the proposed settlement. *Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing

22   *Hanlon*, *supra*, 150 F.3d at 1026).

23                    **1.    Strength of Plaintiff's Case**

24         Plaintiff believes her case is strong. However, Defendants have asserted a setoff affirmative

25   defense in the amount of the judgment entered against each class member which, if successful,

26   would likely eliminate the recovery of amounts collected from class members and any statutory

27   damages awarded to the Subclass under the FDCPA or Rosenthal Act. Plaintiff has argued that

28   setoff is an equitable defense which should not be applied by the court. *Kruger v. Wells Fargo*

Page 11

*Bank*, 11 Cal. 3d 352, 367 (1974). ("creditor's right to setoff is not absolute, but may be restricted by judicial limitations imposed to uphold a state policy of protecting the rights of the debtor.") However, Plaintiff is aware of no case which applies these arguments to violations of California Code of Civil Procedure § 673. Defendants believe the setoff defense is valid and would eliminate any award to the class. Therefore, this potential defense presented a risk at trial.

Defendants also assert the "bona fide error" defense set forth at 15 U.S.C. § 1692k(c):

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

An identical provision, found at California Civil Code § 1788.18(e) excuses violations of the Rosenthal Act. Defendants claim that its procedures were sufficient to invoke this defense. *See Kaiser v. Cascade Capital, LLC*, 989 F.3d 1127, 2021 U.S. App. LEXIS 6754, at **17-22 (9th Cir. 2021) (mistake of state law can support bona fide error defense)

Defendants also contend that Plaintiff has no evidence that the judgments of Class Members arose from "consumer debts," which is an essential element of the Subclasses' claims under the FDCPA and Rosenthal Act (15 U.S.C. § 1692a(5), California Civil Code § 1788.2(f)), and is required to be a member of the Class.

In addition, Defendants believe that the claims of any Class Member who did not have money collected from them fail, because they lack both UCL standing and Article III standing to sue. *See Popa v. Winn Law Group*, APC, CV 17-6804 DSF (RAOx), 2019 WL 289832, (C.D. Cal. Jan. 23, 2019) (granting summary judgment as to UCL claim based on alleged false statements made in legal pleadings to collect debt because plaintiff did not lose any money or property); *Frank v. Autovest, LLC*, 961 F.3d 1185, 1187-90 (D.C. Cir. 2020) (plaintiff lacked Article III standing to assert FDCPA claims based on alleged false statements in state court pleadings because plaintiff could not identify a concrete injury traceable to the alleged false statements).As reflected in the list submitted by Defendants (Doc. No. 122 at Ex. 1), the standing issue has the potential to prevent a significant number of class members from obtaining any relief

## 2.    Risk, Expense, Complexity and Likely Duration of Further Litigation

The parties were preparing to move for summary judgment at the time the settlement was reached.  If Defendants prevailed on their motion, Class Members would have received nothing.  Even if the claims survived summary judgment, the risk in going to trial is that Defendants will prevail on their affirmative defenses.  Defendants have asserted a number of defenses, for example "bona fide error," standing, and others, that may eliminate or reduced Plaintiff's or the class recovery, if accepted by the jury.  Moreover, even if Plaintiff and the Class prevailed, Class Members would still need to show that they incurred a "consumer debt" to be eligible for relief.  *See* Doc. No. 103 at ECF p. 20:10-12 ("Determining the nature of each class member's debt will be necessary at some stage of litigation but is not inherently a barrier to class certification.").  Furthermore, Defendants could appeal an adverse judgment, including the order granting class certification, which, at a minimum would substantially delay payment to the Class Members.

### 3.    Risk of Maintaining Class Status throughout the Trial

Plaintiff believes the risk of losing class status throughout the trial is low.  Defendants believe the risk that the classes would need to be decertified before trial is high, especially in light of the Ninth Circuit's recent decision in *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods, LLC*, 993 F.3d 774 (9th Cir.  2021).  In *Bumble Bee*, the Ninth Circuit held that the district court abused its discretion by certifying a Rule 23(b)(3) class where as much as 28% of the class was uninjured.  *Id*. at 792-93.  Here, given the number of class members from whom no money was collected, Defendants intended to seek decertification under *Bumble Bee*.  Moreover, the U.S. Supreme Court will soon decide in *TransUnion LLC v. Ramirez*, No. 20-297 whether a damages class is permissible under Rule 23 when a significant percentage of members suffered no actual injury.[3]  The Supreme Court's decision may further negatively impact the ability of Class Members to obtain relief in this case.

In addition, Defendants filed a petition with the Ninth Circuit requesting permission to appeal the class certification order.  Although the Ninth Circuit denied this request, Defendants

---

[3] A link with information about the case is here: scotusblog.com/case-files/cases/transunion-llc-v-ramirez.  The Court heard oral argument on March 30, 2021.

could raise the issue again after trial.  At a minimum, this would cause substantial delay in providing money and benefits to the Class.

### 4.     Amount Offered in Settlement

As discussed above, Class Members who return valid claim forms stating that the financial obligation underlying their judgment is a "consumer debt" will recover 100 percent of the amount collected by Defendants through the practice that Plaintiff challenges in this lawsuit, plus interest.  This represents a full recovery for eligible Class Members. The $50,000.00 negotiated sum is a fair class statutory damages award in this case, as discussed above. Moreover, Class Members will have costs waived, and Defendants will abandon any collection of "Closed" accounts regardless of whether they submit a Claim Form.

### 5.     Extent of Discovery Completed and the Stage of the Proceedings

Plaintiff propounded 22 Interrogatories, 11 Requests for Admission and 24 Document production requests to LVNV.  Kennedy Decl. ¶ 3.  Plaintiff propounded 9 Interrogatories, 17 Requests for Admission and 9 document production requests to Harris & Zide.  *Id.*  Defendants have produced at least 325 pages of documents.  *Id.*

Plaintiff responded to 20 Interrogatories, 22 Requests for Admission and 40 Document production requests propounded by LVNV and 5 interrogatories propounded by Harris & Zide. Kennedy Decl. ¶ 4.   Plaintiff Sonya Norton was deposed. Accordingly, the extent of discovery and the stage of the proceedings at the time of settlement indicates the parties were well informed of the strengths and weaknesses of their respective cases, and the potential recovery for the class. This factor weighs in favor of preliminary approval.

### 6.     Experience and Views of Counsel

Class Counsel believe this settlement is in the best interest of the class largely because it provides full reimbursement of collected amounts, plus interest.  Kennedy Decl. 2.

### 7.     Presence of a Governmental Participant

This factor is inapplicable, as there is no government participant.

Page 14

1

### 8.   Reaction of Class Members to the Proposed Settlement

The Class has not yet been notified of the settlement; therefore, it is too early to evaluate the Class' reaction to the settlement.

### C.  The Settlement Does Not Improperly Grant Preferential Treatment

The amount reimbursed to each Class Member who returns a timely Claim Form stating that their judgment arose from a "consumer debt" will depend on the amount collected from them. Thus, although some Class Members will receive more than others, this is not improper, because any variance is based on the amount collected.  The $50,000.00 statutory damages will be distributed *pro rata* among those who submit a timely Claim Form stating that their judgment arose from a "consumer debt".  All Class Members will, at a minimum, have collection costs waived.  While the additional benefit with respect to "Closed" accounts only affects those whose accounts Defendants have closed, this is not improper since these accounts had been closed for reasons unrelated to the settlement.

Although Plaintiff will apply for an enhancement award of $7,000, the Ninth Circuit has recognized that such awards to named plaintiffs in a class action are permissible and do not render a settlement unfair or unreasonable. *See*, *e.g*., *Stanton v. Boeing Co*., 327 F.3d 938, 977 (9th Cir. 2003); *Rodriguez v. W. Publ'g Corp*., 563 F.3d 948, 958-69 (9th Cir. 2009).  Defendants dispute that Plaintiff is entitled to an incentive award of more than $2,000 and reserve the right to challenge Plaintiff's application the appropriate time.  However, the parties agree that an award of up to $7,000 to Plaintiff, if approved, is not a basis to deny preliminary approval.

### VI.  THE PROPOSED CLASS NOTICE, CLAIM FORM AND NOTIFICATION PROCEDURES ARE APPROPRIATE

Attached to the Settlement Agreement as Exhibit 1, is the proposed Class Notice, including the design for the Class Notice mailing envelope.  The planned Class Notice clearly explains the settlement benefits, the Class Members' right to object or to exclude themselves, and instructions as to how to submit a Claim Form, which is attached to the Settlement Agreement as Exhibit 2. The Claim Form is also clear and easy to understand.  In response to comments made by the Court

Page 15

at the first hearing, both the Class Notice and the Claim Form have been revised from the forms presented in the original motion as described in Section IV. A.  The envelope in which the Claim Form will be sent is also easy to understand.  Declaration of Julie Green, Exhibit 1.

The procedures for dissemination of the Class Notice and Claim Form are set out in the Settlement Agreement, paragraph 5.05:

(1) within fifteen (15) days of Preliminary Approval, Defendants shall provide a list of all potential Class Members to the Class Administrator, along with each potential Class Member's last known address, last known telephone number, last known email address, and the last four digits of each Class Member's social security number.  The list shall identify which potential Class Members are also potential Subclass Members.

(2) The Class Administrator shall take the following steps to locate updated information regarding potential Class Members:

i.     Before mailing the Class Notice, the Settlement Administrator shall check the addresses provided by Defendant against the National  Change  of Address  registry.  The Class Administrator may also perform a skip trace using the Accurint database to determine the most up to-date addresses of Class Members before mailing.

ii.    If any Class Notices are returned with a forwarding address, the Settlement Administrator will re-mail the Notice of Settlement and Claim  Form  to  the  Class Member and the forwarding address.

iii.   If, prior to the final date for any Class Member  to  opt-out,  any  Notice  of  Settlement is returned  as  having  been  undelivered  by  the  U.S. Postal  Service,  the  Settlement Administrator  shall perform  a  skip trace using a database other than Accurint  and send  a  Redirected  Class Notice to the new or different address within seven  (7) days.

Page 16

1
2
3
4
5
6
7

The Settlement Administrator shall use any contact information provided by Defendants to assist in the skip trace process. However, if a determination is made in good faith by the Class Administrator that it is not possible to further update any particular Class Member's address in sufficient time to mail the Class Notice at least five (5) Days before the Class Notice Response Deadline, then the Class Administrator need make no further efforts to provide further notice to such Class Member.

8
9
10
11
12
13

(3) the Class Notice shall be sent by the Class Administrator by first-class U.S. Mail to Class Members within sixty (60) days of the date of Preliminary Approval. Not later than seven (7) days before the deadline to file a motion for Final Approval, the Class Administrator will provide Counsel identifying the number of Class Notices that were returned and the efforts made to locate those Class Members.

14
15
16
17
18

CPT Group, Inc. agreed to accept a fee of $15,000 for all class administration services, though it is possible this amount will be adjusted somewhat in light of the modifications to the Class Notice, which will now contain individualized information specific to each class member. The administrative costs will be paid by Defendants. Settlement Agreement ¶ 5.01. Plaintiff sought no other proposals from other class action administrators. Kennedy Decl. ¶ 8.

19
20
21
22
23
24
25

CPT Group Inc. estimates that the percentage of class members who are expected to submit a Claim Form, based on other recent settlements of similar cases, is 5-10%. Declaration of Julie Green ¶ 5. The examples used for the estimate are *Macias, et al. v. DTLA Management LLC, et al.,* Los Angeles Superior Court Case No. BC 522339, and *Davis v. RAM Partners, LLC,* Case No. 1:19-cv-00349 (M.D.N.C.) and the reason for the selection those examples is that the alleged complaints and the methods of notice were similar. *Id.*

26
27
28

## VII.    PLAINTIFF'S PROPOSED CY PRES RECIPIENT IS APPROPRIATE

Plaintiff's proposed *cy pres* recipient is related to the subject matter of the lawsuit.  The Katherine and George Alexander Law Center in San Jose, Santa Clara County, California (http://law.scu.edu/kgaclc/consumer-law/) maintains a weekly advice clinic for low income individuals dealing with consumer and debt issues, and provides representation as well. Maurer Declaration ¶ 4-5.

## VIII.   PROPOSED TIMELINE

| Date | Event |
|---|---|
| 60 days after preliminary approval order | Class Notice and Claim Form mailing deadline |
| 75 days after mailing of Class Notice and Claim Form | Deadline to submit Claim Form, deadline for opt-outs |
| 49 days before Final Approval Hearing | Deadline to file motion for attorney's fees, costs, and incentive award |
| 35 days before Final Approval Hearing | Deadline to file motion for final approval of class settlement |
| 14 days before Final Approval Hearing | Deadline for objections |
|  | Hearing on Motion for Final Approval of Class Settlement<br>Hearing on and Plaintiff's application for a class representative service award, attorneys' fees and costs. |

## IX.    CAFA NOTICE AND SUBSTANTIVE COMPLIANCE

Under the Class Action Fairness Act ("CAFA"), notice of settlement to appropriate government officials is required.  28 U.S.C. § 1715(b).  Pursuant to the Settlement Agreement, the Administrator is responsible for providing the required CAFA notices. Settlement Agreement ¶ 10.14.  Plaintiff will work with Defendants to ensure that the CAFA notices required by 28 U.S.C. § 1715 (b) are distributed within ten days of the filing of this motion.

This settlement complies substantively with CAFA.  It is not a coupon settlement.  28 U.S.C. § 1712.  It does not result in a net loss to the Class Members.  28 U.S.C. § 1713.  It does not

Page 18

1  give greater sums to some Class Members than others based solely on geographic proximity to the

2  court.  28 U.S.C. § 1714.

3

4  **X.    CONCLUSION**

5          The proposed settlement is the product of serious, informed, non-collusive negotiations;

6  has no obvious deficiencies; does not improperly grant preferential treatment to the class

7  representative or segments of the class; and falls within the range of possible approval.  For these

8  reasons, Plaintiff respectfully requests that the Court enter an order: (1) preliminarily approving

9  the proposed settlement of this class action; (2) approving the Class Notice (Exhibit 1 to the

10  Settlement Agreement), the Claim Form (Exhibit 2 to the Settlement Agreement) and manner of

11  notice to the class; and (3) scheduling a final approval hearing date approximately six months from

12  an order granting preliminary approval of the class settlement to consider Plaintiff's motion for

13  final approval of the proposed settlement and entry of judgment, and Plaintiff's application for an

14  incentive award, attorneys' fees and costs.

15

16  Respectfully submitted,

17  DATED:  May 27, 2021                    CONSUMER LAW OFFICES OF WILLIAM E. KENNEDY
18                                          HOUSING AND ECONOMIC RIGHTS ADVOCATES

19                                              __/s/_____
20                                          William E. Kennedy

21                                              __/s/_____
                                            Gina DiGiusto
22
23                                          Attorneys for Sonya Norton and the Class and Subclass

24

25

26

27

28