William E. Kennedy (CSB #158214)
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
wkennedy@kennedyconsumerlaw.com

Gina Di Giusto California Bar No. 293252
gdigiusto@heraca.org
HOUSING AND ECONOMIC RIGHTS ADVOCATES
1814 Franklin Street, Suite 1040
Oakland, California  94612
(510) 271-8443 phone
(510) 868-4521 fax

Attorneys for Plaintiff SONYA NORTON and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sonya Norton,<br><br>       Plaintiff,<br><br>   v.<br><br>LVNV Funding, LLC, Law Office of Harris & Zide,<br><br>       Defendants. | **Case No. 4:18-cv-05051 DMR**<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND SERVICE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: January 13, 2022<br>Hearing Time: 1:00 p.m.<br>Room:  Courtroom 4, 3rd Floor<br>Action filed: August 17, 2018<br><br>Hon. Donna M. Ryu |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 13, 2022 at 1:00 p.m. in Courtroom 4, located on the 3rd Floor of the above referenced Court, at 1301 Clay Street, Oakland, California 94612, the Honorable Donna M. Ryu presiding, plaintiff Sonya Norton will, and hereby does, move the Court for an Order (1) granting final approval of the proposed settlement of this class action, and (2) granting a service award to Plaintiff and Class Representative Sonya Norton.

This Motion is based on this Notice; the accompanying Points and Authorities; the Declaration of William E. Kennedy, the Declaration of Scott Maurer the Declaration of Sonya Norton, and the Declaration of Katie Tran, filed herewith and the exhibits attached thereto, the complete files and records in this action, such evidence as may be presented at the hearing, and such other matters as the Court may take notice.


DATED:  December 27, 2021          CONSUMER LAW OFFICES OF WILLIAM E. KENNEDY
                                   HOUSING AND ECONOMIC RIGHTS ADVOCATES


                                   ___/s/_____
                                   William E. Kennedy

                                   ___/s/_____
                                   Gina di Giusto

                                   Attorneys for Sonya Norton and the Class and Subclass

Page 2

1

## **TABLE OF CONTENTS**

2   I.    STATEMENT OF ISSUES TO BE DECIDED.................................................................1

3   II.   INTRODUCTION.........................................................................................................1

4   III.  PROCEDURAL HISTORY ..........................................................................................2

5   IV.   SETTLEMENT TERMS................................................................................................4

6       A.    Description of Settlement Terms .........................................................................4

7             1.    Full Refund Plus Interest on Claims Made Basis .....................................5

8             2.    $50,000.00 Distributed *Pro Rata* to Subclass Members on Claims Made Basis........................5

9             3.    Agreement Not to Collect Costs With No Claim Form Required .............5

10            4.    Agreement Not to Collect or Transfer on "Closed" Files With No Claim Form Requirement. 6

11            5.    Incentive Award.........................................................................................6

12            6.    Attorney's Fees Paid Separately From Class Relief..................................6

13            7.    Cy Pres.......................................................................................................7

14  V.    CAFA NOTICE AND SUBSTANTIVE COMPLIANCE ............................................7

15  VI.   NOTICE WAS DISSEMINATED PURSUANT TO THE COURT'S ORDER...........7

16      A.    Mailed Notice ......................................................................................................8

17  VII.  THE SETTLEMENT MEETS THE STANDARDS FOR FINAL APPROVAL...........9

18  A.    The Settlement Satisfies the *Churchill* Factors .................................................9

19            1.    Strength of Plaintiff's Case.......................................................................9

20            2.    Risk, Expense, Complexity and Likely Duration of Further Litigation .................11

21            3.    Risk of Maintaining Class Status throughout the Trial............................11

22            4.    Amount Offered in Settlement..................................................................12

23            5.    Extent of Discovery Completed and the Stage of the Proceedings .........12

24            6.    Experience and Views of Counsel ...........................................................13

25            7.    Presence of a Governmental Participant...................................................13

26            8.    Reaction of Class Members to the Proposed Settlement ..........................13

27      B.    The Procedure with Which the Parties Arrived at the Settlement Weighs for Final Approval13

28      C.    Plaintiff's Proposed Cy Pres Recipients Are Appropriate.....................................14

VIII.    A SERVICE/INCENTIVE AWARD OF $7,000 IS APPROPRIATE ....................................14

IX.  CONCLUSION ................................................................................................................15

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES
CASE NO. 4:18-CV-05051  DMR

# TABLE OF AUTHORITIES

## Cases

*Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848 (N.D. Cal. 2010) ........................................ 13

*Churchill Village v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ........................................................ 9

Cruz v. Sky Chefs, Inc., No. C-12-02705 DMR, 2014 WL 7247065 (N.D. Cal. Dec. 19, 2014) ......... 14

*Frank v. Autovest, LLC*, 961 F.3d 1185 (D.C. Cir. 2020) ............................................................. 10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ............................................................ 9

*In re Heritage Bond Litig.*, 546 F.3d 667 (9th Cir. 2008) ............................................................ 9

In re Toys-R-Us Delaware, Inc. FACTA Litig., 295 F.R.D. 438 (C.D. Cal. 2014) ............................. 14

Jacobs v. California State Auto. Ass'n Inter–Ins. Bureau, No. C 07–00362 MHP, 2009 U.S. Dist. LEXIS 101586, 2009 WL 3562871 (N.D.Cal. Oct. 27, 2009) ................................................................. 14

*Kruger v. Wells Fargo Bank*, 11 Cal. 3d 352 (1974) ................................................................. 10

*Peterson v. Cruickshank*, 144 Cal.App.2d 148 (1956) ............................................................... 10

*Popa v. Winn Law Group*, APC, CV 17-6804 DSF (RAOx), 2019 WL 289832, (C.D. Cal. Jan. 23, 2019) ........................................................................................................................................... 10

Staton v. Boeing Co., 327 F.3d 938 (9th Cir. 2003) ................................................................... 14

## Statutes

15 U.S.C. § 1692 ............................................................................................................................ 2

15 U.S.C. § 1692k(a)(B) ................................................................................................................ 10

15 U.S.C. § 1692k(d) .................................................................................................................... 4

28 U.S.C. § 1714 ........................................................................................................................... 7

28 U.S.C. § 1715(b) ...................................................................................................................... 6

California Business and Professions Code § 17200 ..................................................................... 2

California Business and Professions Code § 17208 ..................................................................... 4

California Civil Code § 1788 ........................................................................................................ 2

California Civil Code § 1788.2(f) ................................................................................................ 9

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES
CASE NO. 4:18-CV-05051  DMR

California Civil Code § 1788.30(f) ............................................................. 4

California Code of Civil Procedure § 673 ........................................... 3, 4

## Rules

Federal Rule of Civil Procedure 12(b)(6) .................................................. 3

Federal Rule of Civil Procedure 23(e) ...................................................... 8

Federal Rule of Civil Procedure 23(e)(2) .................................................. 8

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES
CASE NO. 4:18-CV-05051  DMR

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    STATEMENT OF ISSUES TO BE DECIDED**

3

Whether the Court should grant final approval of the Parties' settlement; whether the

4

court should award a service award to Plaintiff and Class Representative Sonya Norton, and

5

if so, in what amount.

6

7

**II.    INTRODUCTION**

8

This class action was filed after debt buyer LVNV Funding, LLC ("LVNV"), represented by

9

the Law Office of Harris & Zide ("H&Z") (collectively, "Defendants"), allegedly pursued judgment

10

collection activities under the name of non-party Arrow Financial Services, LLC ("Arrow").  Arrow

11

had obtained a default judgment against Plaintiff Sonya Norton ("Plaintiff" or "Ms. Norton") in

12

2008 but as of October 2012, was allegedly no longer eligible to collect it because it had filed a

13

Certificate of Cancellation with the Secretary of State.  Plaintiff alleged in this action that LVNV

14

did not comply with California Code of Civil Procedure § 673 which permits and provides specific

15

requirements for assignment of judgments.  Instead, Defendants allegedly continued to collect the

16

judgment in Arrow's name, concealing from Plaintiff and the state court that LVNV was the entity

17

18

collecting the judgment.  Specifically, Defendants caused Writs of Execution to be issued to various

19

counties on five occasions between 2013 and 2017, and assessed the costs of such Writs by means

20

of multiple Memoranda of Costs.  In late 2017, Defendants garnished approximately $1000.00 from

21

Ms. Norton's paycheck after having opposed her claim of exemption.  Plaintiff contended that these

22

23

actions violated several provisions of the Fair Debt Collection Practices Act, the Rosenthal Act, and

24

the Unfair Competition Law.

25

On October 6, 2020, the Court issued an Order certifying a Class and Subclass.  Docket No.

26

27

103.  Thereafter, Plaintiff and Defendants reached a full and final settlement, embodied in the

28

Page 1

Settlement Agreement ("the Settlement"). Kennedy Decl., Exh. 1.  The Court granted preliminary approval of the Settlement on July 23, 2021.  Docket No. 137.

Plaintiff now seeks an order granting final approval of the settlement of this class action and an order approving a service award of $7,000.00 for Plaintiff.  Plaintiff also seeks an award of attorney's fees, costs and expenses pursuant to the motion filed on October 31, 2021 (Docket No. 138) and calendared for hearing concurrently with this motion.

Under the settlement, Defendants have agreed to refund 100 percent of all amounts collected by judicial action during the class period, plus 7 percent interest, to individuals who submitted a Claim Form stating that the financial obligation underlying the judgment entered against them and in favor of Arrow was consumer debt.  Subclass members who submitted such a Claim Form shall also receive a *pro rata* portion of $50,000.00.  In addition, Defendants have agreed not to collect any costs incurred in connection with attempting to enforce the judgments for accounts categorized in their system as "Open."  Finally, Defendants have agreed to cease collection of any kind on the majority of the judgments, which they have categorized as "Closed," and have further promised not to transfer such judgments to other entities.

The Settlement is fair, reasonable and adequate, and should be granted final approval.

## III.    PROCEDURAL HISTORY

On August 17, 2018, Plaintiff Sonya Norton filed her original Class Action Complaint. Docket No. 1. The lawsuit asserted class-wide violations of the federal Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*; the Rosenthal Fair Debt Collection Practices Act, ("Rosenthal Act") California Civil Code § 1788 *et seq.*, and the Unfair Competition Law, California Business and Professions Code § 17200 *et seq.  Id.* at 9-12.  Plaintiff alleged that

Page 2

Defendants violated these statutes by collecting California court judgments assigned to LVNV using judicial action (*e.g.,* wage garnishment and bank levy) without establishing LVNV as assignee of record under California Code of Civil Procedure § 673. *Id.* 1-2.  Plaintiff filed a First Amended Complaint on August 27, 2018.  Docket No. 5.

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 12, 2018.  Docket No. 12.  The motion was granted in part and denied in part. Docket No. 30.  Plaintiff filed a Second Amended Class Action Complaint on March 18, 2019. Docket No. 33. Defendants filed a second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 15, 2019. Docket No. 37.  On August 28, 2019, the Court issued an Order granting in part and denying in part the motion. Docket No. 47.  Plaintiff filed a Third Amended Complaint on September 19, 2019. Docket No. 48.  Defendants filed Answers to the Third Amended Complaint on September 26, 2019. Docket Nos. 50, 51.

On March 4, 2020, LVNV filed a motion to Amend its Answer to the Third Amended Complaint to add setoff as an affirmative defense.  Docket No. 82. On May 19, 2020, the Court granted the motion. Docket No. 92.  LVNV filed an Amended Answer to the Third Amended Complaint on June 10, 2020. Docket No. 93.

On October 6, 2020, the Court granted Plaintiff's motion for class certification. Docket No. 103.  The definition of the certified Class is as follows:  All California residents who meet the following conditions:

> 1)      LVNV Funding, LLC, represented by Law Office of Harris & Zide, took judicial action (including obtaining Writs of Execution, wage garnishment, and bank levy) after August 17, 2014 (four years prior to the filing of this action) to collect a judgment based on a consumer debt obtained in a California court;
> 2)      Arrow Financial Services, LLC was the plaintiff of record at the time the judgment was entered; and
> 3)      LVNV Funding, LLC did not file an Assignment of Judgment in conformity

Page 3

with California Code of Civil Procedure § 673 or otherwise become the assignee of record.

Docket No. 103, 4:8-14.

The four-year class period (dating back from the August 17, 2018 filing date of the original Complaint) corresponds to the four-year statute of limitations of the Unfair Competition Law, California Business and Professions Code § 17208.

The Court also certified a Subclass, which is defined the same as the Class, except that "August 17, 2017" is substituted for "August 17, 2014." The one-year class period for the Subclass corresponds to the one-year statute of limitations applicable to the FDCPA and the Rosenthal Act. 15 U.S.C. § 1692k(d); California Civil Code § 1788.30(f).

On December 15, 2020, the Ninth Circuit Court of Appeals denied Defendants' Petition for Permission to Appeal the order granting class certification. Docket No. 113.

On December 17, 2020, the parties reached a settlement in principle. Kennedy Decl. ¶ 3. On July 23, 2021, the Court granted Preliminary Approval of the Class Settlement. Docket No. 137.

Pursuant to the Court's Order on Motion for Preliminary Approval, the deadline for mailing Class Notice was 60 days after the Order was entered, or September 21, 2021. The Class was to be given 75 days to submit Claims Forms, opt-out, or object. As the 75th day after September 21, 2021 fell on Sunday, December 5, 2021, The deadline was extended to Monday, December 6. According to the Order on Motion for Preliminary Approval, the instant motion was due to be filed 21 days after the Notice Response Deadline, or December 27, 2021.

## IV.    SETTLEMENT TERMS

### A. Description of Settlement Terms

Under the settlement, the following relief will be provided.

Page 4

1.    **Full Refund Plus Interest on Claims Made Basis**

As indicated by the class definition, the Class consists of individuals who reside in California, had judgment entered against them in favor of Arrow, and whose judgments were later assigned to LVNV.  Thereafter, LVNV retained H&Z, which sought to enforce the judgments on behalf of LVNV through judicial actions such as wage garnishment and bank levy without first filing an Assignment of Judgment in conformity with California Code of Civil Procedure §673 or taking other action that established LVNV as the assignee of record.  A central component of the class relief is that all Class Members who submitted a timely Claim Form stating under penalty of perjury that the financial obligation they were originally sued for by Arrow was based on "consumer debt" (*i.e.*, a debt incurred primarily for personal, family or household use) will be refunded 100 percent of the money collected by judicial means, plus 7 percent interest, calculated from the date of collection. Settlement Agreement ¶ 4.03.  Class Members were able to fill in and submit the Claim Form via U.S. mail, online or by email.

2.    **$50,000.00 Distributed *Pro Rata* to Subclass Members on Claims Made Basis**

With respect to Subclass Members, an amount of $50,000.00 shall be distributed *pro rata* to each Subclass member who submitted a timely Claim Form stating under penalty of perjury that the financial obligation they were originally sued for by Arrow was "consumer debt."  The $50,000.00 represents the amount negotiated by the parties for payment of statutory damages under the FDCPA. 15 U.S.C. § 1692k(a)(B).

3.    **Agreement Not to Collect Costs With No Claim Form Required**

For all Class Members whose judgments are classified in Defendants' systems as "Open Accounts," Defendants will delete all court costs (and interest accrued on court costs) incurred with respect to the judgments from their system and will cause all efforts to collect those amounts to cease. Defendants shall not sell or transfer the right to collect such court costs or interest on court costs to other entities. Court costs include, but are not limited to, Writ of Execution fees and

Page 5

Levying Officer Fees. Settlement Agreement ¶ 4.04. This relief will apply to all Class Members, regardless of whether they submit a Claim Form. *Id.* Defendants represent that the accounts of 112 of the Class Members were categorized as "Open" as of January 20, 2021. *Id.*

### 4.    Agreement Not to Collect or Transfer on "Closed" Files With No Claim Form Requirement

For all Class Members whose judgments are classified in Defendants' system as "Closed Accounts," Defendants will make no further efforts to collect the balances owed pursuant to those judgments, and LVNV (the owner of the judgments), will not sell or transfer those judgments. Settlement Agreement ¶ 4.04. Defendants represent that the accounts of 342 of the Class Members are Closed Accounts as of January 20, 2021. The Class Notice states that Class Members may contact the Class Administrator to find out if their judgment is a "Closed Account." This relief will apply to all Class Members, regardless of whether they submit a Claim Form.

### 5.    Incentive Award

Under the Settlement Agreement, Plaintiff will apply to the Court for an incentive award (aka service award) of $7,000.00 for Class Representative Sonya Norton. Settlement Agreement ¶ 6.01. Defendants agreed not to oppose the application if it does not exceed $2,000, and thus reserve the right to oppose the application. *Id.*

### 6.    Attorney's Fees Paid Separately From Class Relief

Under the Settlement Agreement, Class Counsel shall together make an application to the Court for an award of attorney's fees, expenses, and costs not to exceed $241,426.58 ($239,373 in attorney's fees and $2,053.58 in costs). Settlement Agreement ¶ 7.01. Defendants shall not oppose any application by Plaintiff's Counsel for attorney's fees and costs, up to these amounts. *Id.* The award for attorneys' fees, costs and expenses shall be paid separate from, and in addition to, the payments to the Class Members and Class Representative, and shall not reduce the amounts of those payments. *Id.* Plaintiff's motion for attorney's fees, costs and expenses was filed on October 31, 2021 (Docket No. 138).

Page 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 7. Cy Pres

To the extent that any of the checks mailed to Class Members are not cashed within 90 days, the undistributed funds shall be donated to the Katherine and George Alexander Law Center in San Jose, California as *cy pres*, upon court approval.  Settlement Agreement § 5.20.

## V. CAFA NOTICE AND SUBSTANTIVE COMPLIANCE

Under the Class Action Fairness Act ("CAFA"), notice of settlement to appropriate government officials is required.  28 U.S.C. § 1715(b).  Pursuant to the Settlement Agreement, the Administrator is responsible for providing the required CAFA notices. Settlement Agreement ¶ 10.14.  Administrator CPT Group provided the notice required by CAFA on June 7, 2021.  Tran Decl. ¶ 4.  This meets the requirement that the CAFA notice be served "[n]ot later than 10 days after a proposed settlement of a class action is filed in court" as the motion for preliminary approval of the class settlement was filed on May 28, 2021 (Docket No. 132).

CAFA also states that an order giving final approval of a proposed settlement may not be issued until 90 days after the date the CAFA notices were given. 28 U.S.C. § 1715(d).   More than 90 days have elapsed since June 7, 2021, the date the notices were served and thus granting of final approval is appropriate under CAFA.

This settlement complies substantively with CAFA.  It is not a coupon settlement.  28 U.S.C. § 1712.  It does not result in a net loss to the Class Members.  28 U.S.C. § 1713.  It does not give greater sums to some Class Members than others based solely on geographic proximity to the court. 28 U.S.C. § 1714.

## VI. NOTICE WAS DISSEMINATED PURSUANT TO THE COURT'S ORDER

The Court approved CPT Group as Administrator for all settlement administration services. Docket No. 137, p. 28 of 30, line 11.

**A.  Mailed Notice**

In accordance with the Order Granting Preliminary Approval, on September 21, 2021, CPT sent each of the 453 Class Members a Class Notice by first class mail. (Tran Declaration, ¶ 6, Exh. 1.  Of those, 5 were forwarded by the Post Office to the recipient's new address, and 30 were returned by the Post Office to CPT as undeliverable without a forwarding address.  Tran Decl. ¶ 7. For the Class Notices that were returned without a forwarding address, CPT attempted to locate a current mailing address using a database for skip tracing.  *Id*.  CPT was able to locate new addresses for 12 individuals and remailed the Class Notices to the new addresses.  Ultimately, 18 Class Notices remain as undeliverable.  *Id.*

CPT established a website and a case specific 24hour toll free telephone number, and a dedicated email address to receive questions and Claim Forms from Class members.  Tran Decl. ¶¶ 5, 8, 9.

A total of 56 responses were received by CPT.  12 of these were duplicates. Tran Decl. ¶ 12.  An example of a duplicate submission is if a Class Member submitted their Claim Form both by mail and email.  CPT initially determined that the claim submitted by Rosa Vazquez was deficient.  *Id.* ¶ 13.  CPT has since changed its position and has deemed Ms. Vazquez's claim to be valid.  *Id.* ¶¶ 13-14.  Accordingly, CPT has determined there were 44 valid Claims submitted by the Class.  *Id.* ¶ 14.[1]

The cumulative dollar amount collected from the 44 Class Members who CPT found submitted valid claims was $140,575.51.  25 of the Class Members who submitted valid claims are also in the subclass.  Each of these Subclass members, excepting Class Representative Sonya Norton will share *pro rata* in the $50,000 fund.

---

[1] Defendants do not concede that Ms. Vasquez's claim is valid.  Pursuant to paragraph 5.08 of the settlement agreement, the parties are continuing to meet and confer regarding any disputed claims, including the claim submitted by Ms. Vasquez.  If the parties cannot reach an agreement as to any disputed claims, Defendants' will file a response to the motion for final approval outlining the dispute(s) and Defendants' position(s).

Page 8

1

2   **VII.    THE SETTLEMENT MEETS THE STANDARDS FOR FINAL APPROVAL**

3            Under Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a

4   certified class may be settled, voluntarily dismissed, or compromised only with the court's

5   approval."  The settlement must be "fundamentally fair, adequate and reasonable." *In re Heritage*

6   *Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2008).

7            In granting the motion for preliminary approval of the class settlement, the Court analyzed

8   the settlement considering the factors set forth in *Churchill Village v. Gen. Elec.*, 361 F.3d 566,

9   575 (9th Cir. 2004) and the factors in Federal Rule of Civil Procedure 23(e)(2).  Docket No. 137,

10  pp. 9-21.  The Court also considered the Northern District of California's Procedural Guidance for

11  Class Action Settlements.  *Id* at. pp. 22-28.  The Court concluded: "Upon a thorough evaluation of

12  all the factors laid out above, the court finds that preliminary approval is warranted in this case."

13  *Id*. at 27:28-28:1.

14

15       **A.    The Settlement Satisfies the *Churchill* Factors**

16       In making the fairness assessment, courts consider:

17       (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely

18       duration of further litigation; (3) the risk of maintaining class action status throughout

19       the trial; (4) the amount offered in settlement; (5) the extent of discovery completed

20       and the stage of the proceedings; (6) the experience and views of counsel; (7) the

21       presence of a governmental participant; and (8) the reaction of class members to the

22       proposed settlement.

23  *Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon v. Chrysler*

24  *Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Under these criteria, the proposed settlement merits

25  final approval.

26            **1.    Strength of Plaintiff's Case**

27       Plaintiff believes her case is strong. However, Defendants have asserted a setoff affirmative

28  defense in the amount of the judgment entered against each class member which, if successful,

Page 9

1   would likely eliminate the recovery of amounts collected from class members.  Plaintiff has argued

2   that setoff is an equitable defense which should not be applied by the court.  *Kruger v. Wells Fargo*

3   *Bank*, 11 Cal. 3d 352, 367 (1974). ("creditor's right to setoff is not absolute, but may be restricted

4   by judicial limitations imposed to uphold a state policy of protecting the rights of the debtor.")

5   However, Plaintiff is aware of no case which applies these arguments to violations of California

6   Code of Civil Procedure § 673.  Defendants believe the setoff defense is valid and would eliminate

7   any award to the class.  Therefore, this potential defense presented a risk at trial.

8

9          Defendants also assert the "bona fide error" defense set forth at 15 U.S.C. § 1692k(c):

10         A debt collector may not be held liable in any action brought under this subchapter if the
           debt collector shows by a preponderance of evidence that the violation was not intentional
11         and resulted from a bona fide error notwithstanding the maintenance of procedures
           reasonably adapted to avoid any such error.
12

13         An identical provision, found at California Civil Code § 1788.18(e) excuses violations of

14  the Rosenthal Act.  Defendants claim that its procedures were sufficient to invoke this defense.

15  *See Kaiser v. Cascade Capital, LLC*, 989 F.3d 1127, 2021 U.S. App. LEXIS 6754, at **17-22 (9th

16  Cir. 2021) (mistake of state law can support bona fide error defense in FDCPA case).  Defendants

17  also contend that Plaintiff has no evidence that the judgments of Class Members arose from

18  "consumer debts," which is an essential element of claims under the FDCPA and Rosenthal Act

19  (15 U.S.C. § 1692a(5), California Civil Code § 1788.2(f)), and is required to be a member of the

20  Class.

21         In addition, Defendants believe that the claims of any Class Member who did not have

22  money collected from them fail, because they lack both UCL standing and Article III standing to

23  sue.  *See Popa v. Winn Law Group*, APC, CV 17-6804 DSF (RAOx), 2019 WL 289832, (C.D. Cal.

24  Jan. 23, 2019) (granting summary judgment as to UCL claim based on alleged false statements

25  made in legal pleadings to collect debt because plaintiff did not lose any money or property);

26  *Frank v. Autovest, LLC*, 961 F.3d 1185, 1187-90 (D.C. Cir. 2020) (plaintiff lacked Article III

27  standing to assert FDCPA claims based on alleged false statements in state court pleadings because

28

Page 10

1  plaintiff could not identify a concrete injury traceable to the alleged false statements).  The

2  standing issue has the potential to prevent class members from whom nothing was collected from

3  obtaining any relief.  *See Ramirez v. TransUnion LLC*, 141 S.Ct. 2190, 2021 U.S. LEXIS 3401, at

4  *25 (2021) ("Every class member <u>must</u> have Article III standing in order to recover individual

5  damages." ).

6           **2.      Risk, Expense, Complexity and Likely Duration of Further**

7                   **Litigation**

8           The risk in going to trial is described in the previous section; Defendants have asserted

9  various defenses and success on any one of the defenses would by fatal or nearly fatal to the

10 Class's claims.  In fact, Defendants were preparing to move for summary judgment at the time the

11 settlement was reached.

12          The complexity involved in going to trial would likely mean a repeat of the claims process

13 already completed by the class administrator.  Indeed, the Court previously found that

14 "[d]etermining the nature of each class member's debt will be necessary at some stage of litigation

15 but is not inherently a barrier to class certification."  Doc. No. 103 at ECF p. 20:10-12.  The Court

16 observed that a "notice and claims process" could be used to identify whether the debts of class

17 members qualified as a "consumer debts."  *Id*. at ECF p. 21:3-13 & n. 11.  Furthermore,

18 Defendants could appeal an adverse judgment, including the order granting class certification,

19 which, at a minimum would substantially delay payment to the Class Members.

20          **3.      Risk of Maintaining Class Status throughout the Trial**

21          Plaintiff believes the risk of losing class status throughout the trial is low.  However, as

22 Defendants' vigorous opposition to class certification, as well as its Petition for Permissive Appeal

23 of Order Granting Class Certification demonstrate, Defendants could challenge the propriety of

24 the certification ruling on appeal.  Defendants believe there was a strong chance that the classes

25 would have been decertified before trial, especially if the Ninth Circuit agrees with the panel in

26 *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 993 F.3d 774 (9th Cir. 2021),

27 *reh'g granted, Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 5 F. 4th 950 (9th

28 Cir. 2021).

#### 4.    Amount Offered in Settlement

As discussed above, Class Members who returned valid claim forms stating that the financial obligation underlying their judgment is a "consumer debt" will recover 100 percent of the amount collected by Defendants through the practice that Plaintiff challenges in this lawsuit, plus interest.  This represents a full recovery for eligible Class Members.

The $50,000.00 negotiated sum is a fair class statutory damages award.  The $50,000.00 represents the amount negotiated by the parties for payment of statutory damages under the FDCPA. 15 U.S.C. § 1692k(a)(B). Statutory damages are "not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(A)-(B).  Plaintiff submitted financial documents related to defendants' net worth in connection with the motion for preliminary approval.  *See* Docket No. 123.  After reviewing the financial documents, the Court noted that Defendants' net worth, rather than $500,000, was the correct cap on statutory damages and noted that while statutory damages awarded under the Agreement are lower than the statutory maximum, the difference was not large, and did not weigh against preliminary approval.   Docket No. 137, p. 13 of 37, lines 5-8.

Class Members will also have costs on "Open" accounts waived, and Defendants will abandon any collection of "Closed" accounts regardless of whether they submit a Claim Form.

#### 5.    Extent of Discovery Completed and the Stage of the Proceedings

Settlement was reached after two motions to dismiss, Plaintiff's deposition, and a contested class certification motion.  Plaintiff propounded a total 22 interrogatories, 24 requests for production, and 11 requests for admissions to Defendant LVNV Funding, LLC. Kennedy Decl. ¶ 2.  Plaintiff propounded a total of 9 interrogatories, 9 requests for production, and 17 requests for admissions to Defendant Law Office of Harris & Zide. *Id*.  Plaintiff also engaged in "meet and confer" communications and as a result received amended responses to the written requests.  *Id.* Plaintiff responded to 20 Interrogatories, 22 Requests for Admission and 40 Document production requests propounded by LVNV and 5 interrogatories propounded by Harris & Zide.  *Id.*

**6.    Experience and Views of Counsel**

Class Counsel believe this settlement is in the best interest of the class, in view of the compensation and benefits provided to Class and Subclass members, in view of the risks of trial, the possibility of appeals.  Kennedy Decl. ¶ 4.  Mr. Kennedy has substantial experience in consumer litigation, including consumer class actions. Docket No. 139, ¶ 11-14.

**7.    Presence of a Governmental Participant**

This factor is inapplicable, as there is no government participant.

**8.    Reaction of Class Members to the Proposed Settlement**

No Class Member excluded themselves (opted out) of the settlement. Tran Decl. ¶ 14.  The Class Notice set a deadline of December 6, 2021  for objections and directed the Class Members to direct any objections to the Court.  As of the date this motion is filed, the Clerk has posted no objections on the docket.

**B.  The Procedure with Which the Parties Arrived at the Settlement Weighs for Final Approval**

In addition to the foregoing factors, the Court may also consider the procedure by which the parties arrived at their settlement. *See Chun-Hoon v. McKee Foods Corp*., 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010). The parties engaged in two mediation two sessions, one with Peter Borkon, Esq. on February 12, 2020.  The second mediation session took place after the Court's Order granting class certification.  It took place on November 13, 2020 with Cecelia McGuinness and continued in the following days.  Settlement in principal was not reached until December 17, 2020. Kennedy Decl. ¶ 3.  Additional negotiations occurred thereafter, as the parties exchanged competing versions of the Settlement Agreement, Notice of Settlement, and Claim Form.   *Id.*

Furthermore, following the April 22, 2021 hearing on them original motion for preliminary approval of class settlement (Docket No. 118) the parties renegotiated certain terms of the settlement in response to the Court's comments during oral argument. *See* Docket No. 122. These negotiations resulted in several changes to the settlement terms. Kennedy Decl. ¶ 3

Page 13

1

### C.  Plaintiff's Proposed Cy Pres Recipients Are Appropriate

2

Plaintiff's proposed *cy pres* recipient is related to the subject matter of the lawsuit.  The

3 Katherine and George Alexander Law Center in San Jose, Santa Clara County, California

4 (http://law.scu.edu/kgaclc/consumer-law/) maintains a weekly advice clinic for low income

5 individuals dealing with consumer and debt issues, and provides representation as well. Maurer

6 Declaration ¶ 4-5.

7

8 ### VIII.   A SERVICE/INCENTIVE AWARD OF $7,000 IS APPROPRIATE

9

"[N]amed plaintiffs...are eligible for reasonable incentive payments." *Staton v. Boeing Co*.,

10 327 F.3d 938, 977 (9th Cir. 2003). The Court must evaluate the incentive award using "relevant

11 factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree

12 to which the class has benefitted from those actions,...[and] the amount of time and effort the

13 plaintiff expended in pursuing the litigation...." *Id*. at 977. Many courts in the Ninth Circuit have

14 held that a $5,000 incentive award is "presumptively reasonable." See, e.g., *In re Toys-R-Us*

15 *Delaware, Inc. FACTA Litig*., 295 F.R.D. 438, 470–72 (C.D. Cal. 2014); *Jacobs v. California State*

16 *Auto. Ass'n Inter–Ins. Bureau*, No. C 07–00362 MHP, 2009 U.S. Dist. LEXIS 101586, at *13–14,

17 2009 WL 3562871 (N.D.Cal. Oct. 27, 2009) (stating that "[a] $ 25,000 incentive payment is quite

18 high for this district, in which a $ 5,000 payment is presumptively reasonable"; rejecting $25,000

19 request and awarding $7,500 instead). *See also, Cruz v. Sky Chefs, Inc*., No. C-12-02705 DMR,

20 2014 WL 7247065, at *6 (N.D. Cal. Dec. 19, 2014) (awarding incentive payment of $7,000)

21

Ms. Norton took the following actions as plaintiff and class representative:

22

Ms. Norton was deposed by Defendants' attorneys on February 18, 2020 in downtown San

23 Francisco.

24

Prior to the deposition, Ms. Norton spent several hours meeting with her attorneys to

25 prepare for the deposition.

26

Ms. Norton attended a mediation session at the federal courthouse on February 12, 2020.

27

Ms. Norton attended a mediation session by zoom on November 13, 2020.

28

Page 14

1  Ms. Norton responded to interrogatories, requests for admissions, and document requests

2  propounded by Defendant LVNV Funding, LLC.

3  Ms. Norton responded to interrogatories propounded by Defendant Law Office of Harris &

4  Zide.

5  Throughout this litigation, Ms. Norton has been in frequent contact with her attorneys,

6  providing them information and documents as needed.

7  Norton Decl. ¶ 3-6.

8  Also notable is that Ms. Norton will not receive any portion of the $50,000.00 fund

9  reserved for Subclass members, though she is a member of the Subclass, as 15 U.S.C. § 1692k

10  makes such funds only available to non-named plaintiffs.  See Settlement Agreement ¶ 6.02

11  (stating that Ms. Norton is ineligible to receive any of the $50,000.00).  Moreover, any service

12  award provided to Ms. Norton will not impact the recovery of Class members. As Ms. Norton has

13  provided valuable service to the class, a service award of $7,000.00 is warranted.2

14  **IX.    CONCLUSION**

15  The proposed settlement meets the requirements for final approval.  Plaintiff respectfully

16  requests that the Court enter an Order granting final approval of the proposed settlement of this

17  class action with Defendants.  Plaintiff also requests that the Court approve a service award for

18  Plaintiff and Class Representative Sonya Norton in the amount of $7,000.00.

19

20

21  Respectfully submitted,

22  DATED:  December 27, 2021          CONSUMER LAW OFFICES OF WILLIAM E. KENNEDY

23                                      HOUSING AND ECONOMIC RIGHTS ADVOCATES

24                                      __/s/_____

25  _____

26  2 Pursuant to paragraph 6.01 of the settlement agreement, Defendants reserve their right to object to

27  Plaintiff's request for a $7,000 service award.  Defendants will assert their objection, if any, prior to

28  the hearing in response to the motion for final approval.

Page 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

William E. Kennedy

___/s/_____
Gina DiGiusto

Attorneys for Sonya Norton and the Class and Subclass

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES
CASE NO. 4:18-CV-05051  DMR